729 F.2d 1081
 Ruth Washington PERRY, On behalf of herself and all other
persons similarly situated, Plaintiffs-Appellants,
v.
ROYAL ARMS APARTMENTS, A partnership of James B. Ham and
Clyde Ed Hood; Investors Diversified Property Management
Corporation; and E.V. King, Director of the Tennessee
Housing Development Agency, Defendants-Appellees.
 No. 82-5693.
 United States Court of Appeals,
Sixth Circuit.
 Argued Feb. 14, 1984.
Decided March 21, 1984.
 
 Cathy Hinko (argued), West Tenn. Legal Services, Jackson, Tenn., for plaintiffs-appellants.
 William M. Leech, Atty. Gen. of Tenn., Nashville, Tenn., Jeanne Crowley Casstevens, Susan C. Short, Michael Parsons (argued), Jackson, Tenn., for defendants-appellees.
 Before EDWARDS and KENNEDY, Circuit Judges, and UNTHANK, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff appeals from an order of the United States District Court for the Western District of Tennessee denying plaintiffs, who are tenants of "Section 8 New Construction Housing," an administrative hearing prior to initiation of eviction proceedings under Tennessee law. Plaintiffs invoked jurisdiction of the court under 28 U.S.C. Sec. 1331(a) and Sec. 1343(3), (4). Perry represents a class of tenants who presently reside (or will reside) in the Royal Arms Apartments in Jackson, Tennessee. This is a subsidized housing development operating under Section 8 of the Housing Act of 1937, 42 U.S.C. Sec. 1437f.
 
 
 2
 The defendants-appellees are the owner, manager, and mortgagor of said apartment development and the director of the Tennessee Housing Development Agency. Appellant presents two questions:
 
 
 3
 I. Whether due process requires an administrative hearing prior to eviction for cause of tenants of Section 8 New Construction Housing when an opportunity for plenary judicial review is provided by state court in eviction proceedings.
 
 
 4
 II. Whether federal regulations governing termination of tenancy in Section 8 New Construction Housing require an administrative hearing following notice of termination of tenancy.
 
 
 5
 After oral argument and consideration of the briefs and records, we answer both of the questions stated above in the negative. Basically appellants' argument is that a due process administrative proceeding conducted by the management of the housing project is required before the owner of the project can legally institute eviction proceedings. Our review of the Tennessee Statutes at issue in this case, T.C.A. Sec. 24-9-101, et seq., and T.C.A. Sec. 29-18-101, et seq., demonstrates to this court's satisfaction that fundamental due process rights are afforded under the Tennessee eviction procedure so as to afford due process protection to the tenants of this government-assisted but otherwise privately-owned and operated housing project.
 
 
 6
 For these reasons and those spelled out in greater detail by the opinion entered in this case by former District Judge Harry Wellford, the judgment of the District Court is affirmed.
 
 
 
 *
 Honorable G. Wix Unthank, United States District Judge for the Eastern District of Kentucky, sitting by designation