United States Court of Appeals,

Eleventh Circuit.

No. 95-2455.

Deborah COLVIN, Individually and on behalf of all persons similarly situated, Plaintiff-Appellant,

v.

HOUSING AUTHORITY OF the CITY OF SARASOTA, FLORIDA, Defendant-Appellee.

Jan. 4, 1996.

Appeal from the United States District Court for the Middle District of Florida. (No. 94-1119-CIV-T-25A), Henry Lee Adams, Jr., Judge.

Before EDMONDSON and COX, Circuit Judges, and FAY, Senior Circuit Judge.

PER CURIAM:

This appeal arises from the District Court's judgment as a matter of law in favor of the Sarasota Housing Authority. The court held that Ms. Colvin had no right to an informal hearing before her Section 8 assistance was terminated because she participated in a state court eviction proceeding. That proceeding, according to the District Court, provided procedural due process. While we affirm the ruling regarding whether Ms. Colvin's procedural due process rights were violated, we REVERSE and REMAND for a further proceedings because federal regulations require an informal hearing in this situation.[1]

---

[1] We emphasize at the outset that no question has been raised in this matter concerning whether or not there is a private cause of action under the regulations at issue. There is no precedent in our circuit and those that exist are split and far from clear. *See Wright v. Roanoke Redevelopment & Housing Authority,* 479 U.S. 418, 107 S.Ct. 766, 93 L.Ed.2d 781 (1987); *Loschiavo v. City of Dearborn,* 33 F.3d 548 (6th Cir.1994), *cert. denied,* --- U.S. ---- , 115 S.Ct. 1099, 130 L.Ed.2d 1067 (1995); *Ritter v. Cecil*

## I. BACKGROUND

On August 1, 1993, the Sarasota Housing Authority approved a Section 8 lease between Deborah Colvin and a private landlord. In November, Ms. Colvin requested assistance from the Housing Authority in regard to extra security deposits her landlord was forcing her to pay. Later that month, Rose Hunt, the Section 8 Director for the Housing Authority, wrote to Ms. Colvin, stating in part:

> I have called your landlord and I have explained the rules and regulations on Security Deposit. He admits he was wrong and that you will be given credit toward your rent with the $250 you have paid beyond what should have been paid of the Security Deposit.

The $250 figure was a mathematical error; Colvin asserts that $150 was the correct figure.

At trial, Ms. Colvin introduced into evidence a cashier's check for $78 made out to her landlord. The check was dated January 1, 1994. According to Colvin, the $78 represented the amount she owed for January after the security deposit credit was taken into account; the $150 credit covered all of the December rent ($114) and part of the January rent ($36).

The landlord denied receiving that cashier's check. In early January he gave Ms. Colvin a notice to pay the full rent for December and January or vacate. On January 13, the landlord sued for eviction in state court.

Colvin testified that she telephoned Ms. Hunt (the Section 8

---

*County Office of Housing and Community Development,* 33 F.3d 323 (4th Cir.1994). This opinion should not be viewed as answering that question. If it is a valid defense to this type of claim, it has been waived in this case.

Director at the Housing Authority), and that Ms. Hunt advised her to vacate the premises and to start looking for another place to live. According to Colvin, Hunt told her that she would not lose her Section 8 certificate if she moved out. Colvin did in fact vacate the premises, but on January 28 the state court granted a Writ of Possession to the landlord anyway.

Colvin testified at the District Court trial that she appeared at the eviction proceeding, told the judge that she was current in her rent, and that she had already vacated. The District Court found that this proceeding was a state court bench trial where Colvin was provided a full opportunity to present evidence and argument.

On January 28, the Housing Authority notified Colvin that her benefits were immediately terminated based on the state court eviction, and that a hearing was "not available when evicted." Colvin received a copy of this letter. The Housing Authority falsely asserts in its brief that this letter advised Ms. Colvin of her right to a hearing. The Housing Authority also claims that it mailed a second letter to Colvin on the same date ("out of an abundance of caution"), and that this letter advised Colvin of her right to a hearing. Colvin says she received no such letter.[2] No hearing was held and the benefits were in fact terminated as of January 28.

---

[2]Although there was testimony about such a letter at trial, no such letter was introduced into evidence or attached to the Defendant's motion for summary judgment. Moreover, Ms. Hunt, the Section 8 Director, testified that the letter in her files was the original, raising the possibility that this second letter was never mailed.

Colvin then brought an action in federal court, alleging that the Housing Authority, by not granting her an informal hearing before terminating her Section 8 assistance, had violated, first, her procedural due process rights under the Fourteenth Amendment to the United States Constitution, and second, federal statutory and regulatory law. The District Court granted a preliminary injunction restoring Colvin's Section 8 assistance, but denied Colvin's motion for class certification. The case was tried to a jury on March 6 and 7, 1994. At the close of Colvin's case, the court granted the Housing Authority's motion for a directed verdict. The court found, as a matter of law, that Colvin's rights could not have been violated because Florida's Summary Eviction statute provided Colvin with all the process to which she was due. This Court granted Colvin's subsequent motion to stay judgment pending appeal.

## II. STANDARD OF REVIEW

The standard of review for a judgment as a matter of law is de novo. *Sherrin v. Northwestern National Life Insurance Company,* 2 F.3d 373, 377 (11th Cir.1993). The appellate court uses the same standard that the District Court used in determining whether to grant the motion: under applicable law, is the evidence, considered in the light most favorable to the non-moving party, such that no reasonable person could arrive at a contrary verdict? *Id.*

## III. ANALYSIS

First of all, we affirm the District Court's ruling that the Housing Authority did not violate Ms. Colvin's procedural due

process rights. The state court eviction proceeding provided Colvin with all the process to which she was due. Under Florida law, Colvin was entitled to present a defense in the eviction action,[3] and Colvin's testimony at trial indicated that she did indeed have a full opportunity to present evidence in a state court bench trial. There is no reason to believe that the Housing Authority could better determine whether Colvin failed to pay her rent and there is no reason to believe that Colvin was not fully able to present evidence to the state court. The Housing Authority was not constitutionally required to conduct a second hearing. *See Simmons v. Drew,* 716 F.2d 1160 (7th Cir.1983).

However, federal regulations (specifically 24 C.F.R. § 882.216) do grant Ms. Colvin the right to an informal hearing regarding the termination of her Section 8 assistance. Although the state court eviction proceeding is sufficient to satisfy constitutional due process requirements, it does not satisfy 24 C.F.R. § 882.216, which requires the decision-maker at the informal hearing to consider whether the Housing Authority's decision is in accordance with the law, HUD regulations, and Public Housing Authority rules. The judge in the eviction proceeding obviously did not consider the Housing Authority's action at all because that action had not yet been taken and was never an issue.

In other situations, Congress has expressly granted Public

---

[3]Colvin's counsel argued at trial and on appeal that Colvin had no opportunity to present evidence in the state court eviction proceeding because she had not paid into the court the disputed rent payments. However, Colvin's counsel misreads Florida law. Under Florida Statutes § 83.60, if the tenant raises any defense other than payment, that tenant shall pay into the court the accrued rent. Colvin's defense was payment.

Housing Authorities the right to deny a hearing to a tenant after a valid state court eviction that complies with basic due process. 42 U.S.C. § 1437d(k); *see also* the corresponding regulation at 24 C.F.R. 966.51(a)(ii). Congress has not given that power to Public Housing Authorities under this part of Section 8. 42 U.S.C. § 1437f.[4] Thus Colvin did have a right to a hearing under 24 C.F.R. § 882.216, and the state court proceeding did not satisfy that right.

The Housing Authority argues that the nature of the Section 8 program requires termination of benefits when a tenant is evicted because there is no landlord to whom the Housing Authority may make payments.[5] This argument fails because the regulations clearly distinguish between Section 8 "payments" and Section 8 "assistance". 24 C.F.R. § 882.105 requires that Section 8 *payments* be made by the Housing Authority to the landlord. 24 C.F.R. § 882.216 requires a hearing when the Housing Authority makes a

---

[4] 42 U.S.C. § 1437d(k) expressly does not apply to the housing assistance provided for under 1437f. 42 U.S.C. § 1437f(h).

[5] The Housing Authority cites *Simmons v. Drew,* 716 F.2d 1160, 1165 (7th Cir.1983) in support of this argument. First of all, that cite is for the dissenting part of Judge Pell's opinion. Second, in any event, Judge Pell does not support the Housing Authority's position:

> Because of the structure of the program, payments cannot be made unless there is an existing contract with the landlord.... However, it seems to me that in reality the way the program is now run an interruption of benefits is not a "termination" of eligibility in the program.

*Simmons,* 716 F.2d at 1166 (Judge Pell's opinion, concurring in part and dissenting in part) (quoting from the unpublished District Court's opinion).

decision to terminate Section 8 *assistance.* The regulations contemplate situations where a family may receive Section 8 assistance, yet the Housing Authority makes no payments to a landlord. For example, a family becomes a participant in the Section 8 program as soon as it receives a Certificate. *See* 24 C.F.R. § 882.209; *Ellis v. Ritchie,* 803 F.Supp. 1097, 1099 (E.D.Va.1992). The family then has at least 60 days, sometimes up to 120 days, in which to find housing. 24 C.F.R. § 882.209. During that time, the family is a Section 8 participant, and may even receive help in finding suitable housing, while no payments are made to a landlord. *See* 24 C.F.R. § 882.209. Thus a tenant must receive a hearing under § 882.216 before Section 8 assistance can be terminated, even if that tenant has been evicted and the payments to the landlord have ceased.

The Housing Authority further argues that under *Simmons v. Drew,* 716 F.2d 1160 (7th Cir.1983), Colvin was not entitled to a hearing. The sole issue in *Simmons* was the tenant's constitutional procedural due process rights. *Id.* After *Simmons* was decided, 24 C.F.R. § 882.216 was enacted. 24 C.F.R. § 882.216 has the force of law, *see Wright v. City of Roanoke Redevelopment and Housing Authority,* 479 U.S. 418, 431, 107 S.Ct. 766, 774, 93 L.Ed.2d 781 (1987), and grants Colvin the right to an informal hearing even after a state court eviction. That federal regulation was not at issue in *Simmons.*

Finally, the Housing Authority argues that it sent Colvin notice of her right to a hearing, and that she waived that right by not requesting a hearing within the required time limit. However,

the District Court Judge found, in his order denying a motion for a new trial, that the Housing Authority notified Colvin that she *did not* have a right to a hearing, and then terminated her assistance effective immediately. Of course, judgment was granted at the close of the Colvin's case; on remand, the Housing Authority will have a chance to present evidence in its defense.[6]

## IV. CONCLUSION

The decision of the District Court to grant judgment as a matter of law to the Housing Authority is AFFIRMED in part and REVERSED in part and the case REMANDED for further proceedings consistent with this opinion.

---

[6]As noted earlier, this second letter does not appear in the record. Although the Defendant moved for summary judgment, no such letter was attached to the motion or presented at the hearing.