United States Court of Appeals,

Eleventh Circuit.

No. 96-3262.

Harry S. BROADDUS, Plaintiff-Appellee, Cross-Appellant,

v.

FLORIDA POWER CORPORATION, Defendant-Appellant, Cross-Appellee.

July 10, 1998.

Appeals from the United States District Court for the Middle District of Florida. (No. CIV-OC-10), William Terrell Hodges, Judge.

Before HATCHETT, Chief Judge, and GODBOLD and HENDERSON, Senior Circuit Judges.

GODBOLD, Senior Circuit Judge:

The defendant Florida Power Corporation (FPC) appeals from a final judgment and damages award in favor of plaintiff Harry Stanley Broaddus on his claim that his employment with FPC was terminated in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et. seq.* Broaddus cross-appeals contesting an evidentiary ruling made by the district court and the court's refusal to award reinstatement. We REVERSE the judgment in favor of Broaddus and REMAND this case to the district court for a new trial.

I. Background

Broaddus was employed by FPC in various positions at its Crystal River nuclear power plant for eleven years prior to his termination as part of a department-wide reduction in force (RIF) on December 9, 1993. After FPC terminated him, Broaddus filed suit against FPC alleging that he was terminated because of his age in violation of the ADEA and in retaliation for claims he made to company-provided medical benefits in violation of the Employee Retirement Income Security Act, (ERISA) 29 U.S.C. § 1001, *et. seq.* Both issues were tried to a jury in the Middle District of Florida.

Prior to trial FPC moved to strike Broaddus's demand for a jury trial on his ERISA claim because ERISA allows only equitable relief and no right to a jury trial exists. The court granted this motion but allowed the ERISA claim to be submitted to the jury as an advisory jury. FPC also moved in limine to prohibit Broaddus from presenting evidence or argument to the jury regarding medical insurance issues, claiming that such evidence would not be relevant to the age claim and had the potential to prejudice the jury.[*] The district court did not rule on this motion.

Broaddus alleged both disparate treatment and disparate impact theories of age discrimination. At the close of the evidence the district court granted FPC's motion for judgment as a matter of law on the disparate impact claim and the ERISA claim. The court allowed the disparate treatment claim to proceed.

Although the district court dismissed the ERISA claim, during his closing argument counsel for Broaddus mentioned the evidence of Broaddus's claims for medical benefits and implied that older workers often have greater employee benefits and more often utilize those benefits to pay for medical care for various health problems. Specifically, in his closing argument, counsel for Broaddus stated:

> I think that [the RIF] was designed to get rid of the older higher priced employees. Because generally with age goes increased salary; with age and tenure goes increased benefits, such as retirement. Typically your vacation becomes longer every time. And, of course, hospitalization is just a part of it. But your higher priced employees usually go with age.
>
> And also sickness and expense—medical sickness and expense typically go with age.

Counsel for FPC did not object to these comments. The district court instructed the jury that only

---

[*]The evidence that FPC sought to exclude consisted of evidence and testimony regarding Broaddus's and his wife's extensive health problems and medical conditions. Mrs. Broaddus had experienced complete renal failure and required a prolonged hospital stay and dialysis. She also suffered irreversible heart damage as a result of her kidney problems. Mr. Broaddus had appendicitis and had to have an emergency appendectomy.

an employer's consideration of age, rather than other factors, was improper under the ADEA and that other reasons for Broaddus's termination, whether fair or unfair, did not violate ADEA.

After the jury had begun deliberation it sent a written inquiry to the court regarding its consideration of the medical evidence. The query stated:

> Since the second charge of discrimination due to health issues was dismissed, can we consider any of the evidence given prior to that ruling or is that evidence moot since that issue has been dropped?

FPC requested that the court reiterate that the ERISA claim was no longer an issue for the jury to decide. The court rejected this suggestion and instead instructed the jury as follows:

> [Y]ou may and should consider all of the testimony and evidence that's been presented before you during this trial. However, with respect to any testimony and evidence relating to claims made under the plaintiff's medical insurance with respect to him or his spouse, you should now consider that evidence and give it such weight, if any, as you think should be given in your consideration of age discrimination alone. There is no claim before you now concerning discrimination regarding medical benefits or costs.

FPC objected to this instruction stating that it might allow the jury to conclude that discrimination based on insurance claims is in fact age discrimination. The district court overruled the objection.

After further deliberation, the jury returned a verdict for the plaintiff and awarded him $88,624.00 in lost wages and benefits. Both FPC and Broaddus filed various post-trial motions. FPC moved for judgment as a matter of law on the age discrimination claim or in the alternative for a new trial. The request for a new trial contended that the ERISA-related medical evidence had tainted the jury's consideration of the ADEA claim and that the court had erred in failing to properly instruct the jury that it should not consider such evidence for the purpose of determining whether FPC had discriminated against Broaddus on the basis of age. Broaddus moved the court to order that FPC reinstate his employment and to overrule the jury's finding that FPC did not act willfully in discriminating against Broaddus. The court denied all post-trial motions, and both parties timely appealed.

## II. Discussion

### A. FPC's Appeal

### (i) FPC's request for judgment as a matter of law

FPC raises issues relating to the sufficiency of the evidence and asserts that Broaddus did not meet his burden of proving a prima facie case of discrimination and of ultimately proving an ADEA violation. Viewing all of the evidence in the light most favorable to the nonmoving party as we are required to do when examining a district court's denial of a motion under Rule 50. *See Colvin v. Housing Authority,* 71 F.3d 864, 866 (11th Cir.1996), we reject FPC's assertion that it was entitled to a judgment as a matter of law on Broaddus's disparate treatment case. However, because we order a new trial on the merits, we refrain from a full discussion of the evidence produced in this case and why it was sufficient to support the verdict.

### (ii) FPC's motion for a new trial

FPC also contends that the jury's consideration of Broaddus's ADEA claim was improperly tainted by the medical evidence presented in his ERISA claim. FPC asserts that the prejudice resulting from the medical evidence was compounded by the district court's failure to properly instruct the jury on the relevance of this evidence, or lack thereof, when the jury interrupted its deliberations to inquire of the court how it should regard the ERISA-related evidence. We agree with FPC, and for this reason we order a new trial.

The Supreme Court has cautioned that the ADEA prohibits age discrimination and age discrimination alone. *Hazen Paper v. Biggins,* 507 U.S. 604, 611, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993). Congress enacted the ADEA to combat unproven stereotypes that employers might harbor regarding the decreased abilities of older workers. *See EEOC v. Wyoming,* 460 U.S. 226, 231, 103 S.Ct. 1054, 75 L.Ed.2d 18 (1983)("Congress' promulgation of the ADEA was prompted by its

concern that older workers were being deprived of employment on the basis of inaccurate and stigmatizing stereotypes ... [and] that arbitrary age lines were in fact generally unfounded and ... the performance of older workers was at least as good as that of younger workers."). "When the employer's decision is wholly motivated by factors other than age, the problem of inaccurate and stigmatizing stereotypes disappears." *Hazen Paper,* 507 U.S. at 611, 113 S.Ct. 1701. The ADEA does not prohibit an employer from making an employment decision on the basis of higher salaries, increased benefits, pension status, or claims for medical expenses even though these characteristics are often correlated with an employee's age. *Id.* In sum, the ADEA is not concerned with employment decisions based on an employee's increased use of or eligibility for benefits. Those decisions may violate ERISA, but they do not violate the ADEA.

As evidence of Broaddus's ERISA cause of action, the jury heard testimony that he had made substantial claims on the company's medical policies.[**] During his closing argument, counsel for Broaddus insinuated that older workers often have increased medical costs and that this factor plays a role in employers' decisions to terminate older workers. Counsel for FPC did not object to these comments even though they are a misstatement of the law and improperly associate discrimination based on increased benefits or medical expenses with discrimination based on age.

---

[**]The district court was correct in granting FPC's motion to strike Broaddus's demand for a jury trial on the ERISA claim. Relief under ERISA is limited to equitable remedies. *See Chilton v. Savannah Foods & Industries, Inc.,* 814 F.2d 620, 623 (11th Cir.1987)(holding that no right to a jury trial exists under ERISA and relying on *Calamia v. Spivey,* 632 F.2d 1235 (5th Cir.1980)); *Houghton v. SIPCO, Inc.,* 38 F.3d 953, 957 (8th Cir.1994)(holding that the "Supreme Court's decision in *Mertens v. Hewitt Assocs.,* 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993), confirms that there is no right to money damages or to a jury trial under ERISA."). Although we question the district court's decision to allow the jury to hear the ERISA claim as an advisory jury, that ruling is not before this court because the ERISA action was dismissed and Broaddus has not appealed from that dismissal. The fact that the jury heard the ERISA evidence only in an advisory capacity does not alter our decision that its deliberations were prejudiced by the ERISA evidence and the lack of a clarifying instruction on the proper use of this evidence.

These statements confused the issues and blurred the line between the two distinct causes of action. *See Houghton v. SIPCO, Inc.,* 38 F.3d 953, 960 (8th Cir.1994)(holding that because "[t]he Supreme Court has cautioned that liability under ERISA and ADEA, while not always mutually exclusive, are conceptually distinct" plaintiffs' pursuit of "an overly-expansive theory of ERISA liability ... tainted the submission of their ADEA disparate treatment claims to the jury.")

Evidence that the jury was confused about the relevance of the medical evidence in determining age discrimination surfaced in the form of the inquiry to the court about what significance should be attached to the medical evidence the jury heard prior to the court's dismissal of the ERISA claim. This question should have alerted the court that the jury was focusing on a non-issue and possibly did not understand the precise burden of proof under the ADEA for proving age discrimination. When a court becomes aware that a jury is considering a non-issue it has a duty to clarify the issues and issue a proper instruction. *See Johns v. Jarrard,* 927 F.2d 551, 554-55 (11th Cir.1991). In this case the district court did not offer a clarifying instruction and instead informed the jury that it could give the evidence in question whatever weight it deemed appropriate.

"A challenged supplemental jury instruction is reviewed as part of the entire jury charge, in light of ... [the] evidence presented and argument of counsel "to determine whether the jury was misled and whether the jury understood the issues.' " *U.S. v. Johnson,* 139 F.3d 1359, 1366 (11th Cir.1998)(quoting *Johns v. Jarrard,* 927 F.2d 551, 554 (11th Cir.1991)). Likewise, "[m]otions for [a] new trial on the basis of erroneous or prejudicial jury instructions are committed to the discretion of the trial court and reviewed to ascertain whether there has been a clear abuse of that discretion." *Christopher v. Cutter Laboratories,* 53 F.3d 1184 1190 (11th Cir.1995). Although this court applies "a deferential standard of review to a district court's jury instructions," *Eskra v. Provident Life & Acc. Ins. Co.,* 125 F.3d 1406, 1415 (11th Cir.1997), where these instructions do not accurately

reflect the law, and the instructions as a whole do not correctly instruct the jury so that we are "left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations," we will reverse and order a new trial. *Carter v. DecisionOne Corp. through C.T. Corp. Sys.,* 122 F.3d 997, 1005 (11th Cir.1997)(quoting *Johnson v. Bryant,* 671 F.2d 1276, 1280 (11th Cir.1982)).

Viewing the challenged supplemental jury charge in light of all of the evidence and argument presented, we are persuaded that the jury may have been misled and are left with a substantial doubt as to whether the jury was properly guided in its deliberations. Furthermore, we find that the court's supplemental instruction, to which FPC objected, misstated the law according to *Hazen Paper,* and caused prejudicial harm to FPC by allowing the jury to believe that it could consider the medical evidence as evidence of age discrimination under the ADEA. *See Houghton,* 38 F.3d at 960 (ordering new trial where plaintiff's evidence of defendant's possible ERISA violations tainted the submission of plaintiff's ADEA claim to the jury). For these reasons we find that the district court's response was an abuse of its discretion as was its failure to grant a new trial in the face of FPC's motion for a new trial. *See Mosher v. Speedstar Div. of AMCA Intern., Inc.,* 979 F.2d 823, 827 (11th Cir.1992)(where the court's instructions caused a jury to consider erroneous "criterion of liability[,]" plaintiff was prejudiced and new trial was warranted).

FPC is entitled to a new trial on the merits of Broaddus's ADEA claim.[***]

---

[***]The record in this case indicates that the district court found that the medical evidence had some relevance to the ADEA claim because it explained why Broaddus, after his termination, was willing to take a much lower paying job to remain with FPC and keep his existing medical benefits rather than a higher paying job elsewhere where he could not receive the same medical coverage for his and his wife's health problems. We find no error in this finding or in the district court's decision to allow the jury to consider Broaddus's medical evidence for that purpose; however, on remand the jury should be properly instructed on the limited usefulness of this evidence and that terminating an employee on the basis of medical coverage is not equivalent to age discrimination under the ADEA.

B. Broaddus's Cross Appeal

In his cross appeal Broaddus raises two issues, one of which is rendered extraneous by the fact that we have ordered a new trial.

First Broaddus contends that the district court erred in refusing to admit in evidence a memorandum written by an executive at FPC that was directed to several supervisors and mentions the fact that older workers are more expensive. The district court found this letter not probative of any discriminatory intent and held that any relevance it did have would be substantially outweighed by its potential to prejudice the jury. We review a district court's evidentiary rulings under Federal Rule of Evidence 403 only for abuse of discretion. *U.S. v. Gilliard,* 133 F.3d 809, 815 (11th Cir.1998).

After reviewing the memorandum and the district court's reasons for not admitting it we find no abuse of discretion. The district court reviewed the memo and found that its relevance was marginal because it was written four years before FPC terminated Broaddus. Furthermore, the court found that, read fairly, the memo did not advocate or suggest that older, more expensive workers should be terminated. Instead, the letter suggested that when FPC hired new, outside workers it should try to hire workers who fell below the midpoint salary level. The memo indicated that this strategy would allow FPC to compete with other nuclear facilities that had downsized and eliminated "older and higher paid employees." Thus, the district court correctly concluded that the memo should not be characterized as a suggestion to eliminate older workers but instead as a proposed hiring strategy to combat the need to downsize.

The district court's interpretation of the letter is persuasive, so we question whether the memorandum met the standard for relevancy stated in Rule 401. *See* F.R.E. 401. Even assuming that the memo was in fact relevant, we detect no error in the court's decision that the memo's

potential to prejudice substantially outweighed any probative value that it might have had. *See* F.R.E. 403; *Schafer v. Time, Inc.,* 142 F.3d 1361 (11th Cir.1998)("Federal Rule of Evidence 401 sets out the standard for determining whether evidence is relevant to an issue before the court; Federal Rule of Evidence 403 governs the decision to exclude relevant evidence when "its probative value is substantially outweighed by the danger of unfair prejudice' "). We affirm the exclusion under Rule 403.

Broaddus also contends that the court erred in failing to reinstate his employment with FPC. We do not address this issue as we have ordered a new trial which may generate new or different evidence, produce a different result, or warrant different remedies.

### III. Conclusion

Because we find that the jury's verdict may have been prejudiced by its improper consideration of the ERISA-related evidence and the lack of a clarifying instruction on the proper use of this evidence, we REVERSE the judgment in favor of Broaddus and REMAND for a new trial.