<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

                United States Court of Appeals
                    For the First Circuit

No. 99-1683

                       JUSTO CRUZ-RAMOS,

                     Plaintiff, Appellant,

                               v.

                    PUERTO RICO SUN OIL CO.,

                      Defendant, Appellee.

          APPEAL FROM THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF PUERTO RICO

         [Hon. Hector M. Laffitte, U.S. District Judge]

                             Before

                     Selya, Circuit Judge,
                                
         Coffin and Campbell, Senior Circuit Judges.
                                
                                
                                
    Luis R. Mellado-Gonzalez on brief for appellant.
    Frances R. Coln Rivera, with whom Jorge Rodrguez Micheo and
Goldman Antonetti & Crdova were on brief, for appellee.

January 28, 2000

                                
                               

 SELYA, Circuit Judge.  This is an action brought pursuant
to the Age Discrimination in Employment Act, 29 U.S.C.  621-634
(the ADEA), with pendent claims under Puerto Rico law.
 The background facts are not in dispute.  Defendant-
appellee Puerto Rico Sun Oil Co. (Sun) employed plaintiff-appellant
Justo Cruz-Ramos for many years.  Over time, he worked in various
job capacities.  In 1995, he was working as an emergency response
technician (ERT).  During that year, Sun terminated his employment
as part of a reduction in force.  As a part of the downsizing, the
company claimed that it needed to compress seven technicians'
positions within the appellant's department into five, that it
rated the seven incumbents on various pertinent criteria (including
experience, education, training, job performance, effectiveness,
computer skills, and other strengths), and that the appellant
scored lowest among the seven.  The appellant sued, averring that
the rating system was a sham and that he had been jettisoned
because of his age (he was 55 when Sun implemented the reduction in
force).
 In due course, Sun moved for brevis disposition.  See
Fed. R. Civ. P. 56(c).  The district court concluded that the
appellant had failed to establish a genuine issue of material fact
as to whether Sun's proffered reason for his dismissal constituted
a pretext for age discrimination.  Consequently, it granted summary
judgment in Sun's favor.  See Cruz Ramos v. Puerto Rico Sun Oil
Co., Civ. No. 97-1314 (HL), slip op. at 11 (D.P.R. Apr. 20, 1998)
(unpublished).  At the same time, the court eschewed the exercise
of supplemental jurisdiction over the pendent claims, dismissing
them without prejudice.  See id. at 10.  This appeal ensued.
 We need not tarry.  After perusing the record and
considering the parties' briefs, we find nothing that would warrant
disturbing the district court's decision.  We previously have
stated that when a trial court accurately takes the measure of a
case and articulates its rationale clearly and convincingly, "an
appellate court should refrain from writing at length to no other
end than to hear its own words resonate."  Lawton v. State Mut.
Life Assur. Co., 101 F.3d 218, 220 (1st Cir. 1996); accord Ayala v.
Union de Tronquistas de P.R., Local 901, 74 F.3d 344, 345 (1st Cir.
1996); In re San Juan Dupont Plaza Fire Litig., 989 F.2d 36, 38
(1st Cir. 1993).  Applying this tenet, we affirm the judgment below
for substantially the reasons elucidated in Judge Laffitte's well-
conceived opinion.  We add only three comments, framed by the
familiar burden-shifting model engendered by McDonnell Douglas
Corp. v. Green, 411 U.S. 792, 802-04 (1973).
 A plaintiff in an employment discrimination case may
proceed on either a mixed-motive or a pretext approach, or
sometimes both, depending on the nature of his evidence.  See
Fernandes v. Costa Bros. Masonry, Inc., ___ F.3d ___, ___ (1st Cir.
1999) [No. 99-1692, slip op. at 8-12] (delineating the workings of
the two approaches).  The appellant has pursued the latter course.  
We limn its contours.
 Pretext analysis consists of three steps.  First, the
plaintiff must establish a prima facie case.  See Texas Dep't of
Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981).  When a
plaintiff challenges his ouster in the context of a reduction in
force, he must establish that he was at least forty years old; that
his job performance met the employer's legitimate expectations;
that his employment nonetheless was terminated; and that the
employer retained younger persons in the same position or otherwise
failed to treat age neutrally in implementing the reduction in
force.  See Ruiz v. Posadas de San Juan Assocs., 124 F.3d 243, 247-
48 (1st Cir. 1997); Hidalgo v. Overseas Condado Ins. Agencies, 120
F.3d 328, 332-33 (1st Cir. 1997); Vega v. Kodak Caribbean, Ltd., 3
F.3d 476, 479 (1st Cir. 1993).  The task of making out a prima
facie case is not onerous and, once the plaintiff succeeds in doing
so, the employer must then articulate a legitimate,
nondiscriminatory reason for the adverse employment action.  See
St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-07 (1993).  Upon
the emergence of such an explanation, it falls to the plaintiff to
show both that the employer's "proffered reason is a sham, and that
discriminatory animus sparked [its] actions."  Conward v. Cambridge
Sch. Comm., 171 F.3d 12, 19 (1st Cir. 1999).
 In this instance, we assume, arguendo, the correctness of
the district court's determination that the appellant limned a
prima facie case.  See Cruz Ramos, slip op. at 5-6.  Sun plainly
advanced a legitimate, nondiscriminatory reason for the decision to
lay off the appellant.  Thus, the case hinges on the last step of
the McDonnell Douglas pavane, and it is to that aspect that our
three particularized comments pertain.
 First:  We have scoured the record and find it barren of
any evidence which, fairly viewed, rebuts Sun's explanation that it
devised a neutral rating system to grade the seven incumbents,
commissioned a troika of executives to evaluate them on this basis,
and let the chips fall where they might.  The appellant does not
challenge the neutrality of the criteria employed but, rather,
cites three events as "evidence" of pretext.  None serves to cast
legitimate doubt upon Sun's actions.
 The appellant's most stentorian assertion is that Darwin
Rodriguez, a thirty-year-old, replaced him.  The record belies this
allegation; it shows only that the overall number of positions was
reduced by two, and that the five persons who were retained in
those positions   Rodriguez included   thereafter performed all the
work that had been done by the original seven.  When the functions
of a furloughed employee are absorbed into the responsibilities of
existing employees, who perform these duties along with their own,
no legally cognizable "replacement" occurs.  See LeBlanc v. Great
American Ins. Co., 6 F.3d 836, 846 (1st Cir. 1993).
 Next, the appellant asserts that, after he was cashiered,
Sun hired a temporary ERT who was under forty.  This is plainly an
irrelevancy; the record reveals that the hiring in question took
place nearly three years after the reduction in force.  Thus, the
hiring has no probative value as to the pretextuality vel non of
Sun's stated basis for terminating the appellant's employment in
1995.
 Finally, the appellant mistakenly alleges that all the
retained technicians were "not in the protected class."  This is
patently wrong.  The ADEA protects persons 40 years of age and
older.  See 29 U.S.C.  631(a).  In this instance, the
uncontradicted evidence shows the ages of the five retained
employees to be as follows:  Flix Bez (46), Ramon Cruz (55),
Vctor Merced (45), Darwin Rodrguez (30), and Emrito Rodrguez
(42).  Thus, all but one were within the protected class.
 Here, moreover, the fact that the appellant was older
than all but one of the persons retained proves nothing of any
consequence.  The appellant's burden was to adduce facts tending to
show that Sun furloughed him because of his age, see Koster v.
Trans World Airlines, 181 F.3d 24, 32 (1st Cir.), cert. denied, 120
S. Ct. 532 (1999), and he cannot carry that burden simply by a
comparison of ages within a sample that lacks statistical
significance.  At a bare minimum, he must offer some evidence to
show that the rating system used by the employer was flawed in its
design or distorted in its implementation.  Because Sun's stated
basis for reaching the disputed employment decision was not in any
way impugned by a mere recitation of the ages of those in the
relevant labor pool, that datum, standing alone, could not defeat
Sun's summary judgment initiative.
 Second:  This canvass of the appellant's "pretext" claim
leads to our next comment.  From time to time, the parties use the
statutorily protected class as a line of demarcation and draw
distinctions between persons over forty and persons under forty.  
This emphasis is misplaced.  The mere fact that an ADEA plaintiff's
duties are assumed by someone outside the protected class lacks
probative value.  See O'Connor v. Consolidated Coin Caterers Corp.,
517 U.S. 308, 312 (1996).  The fact that a replacement is
"substantially younger than the plaintiff is a far more reliable
indicator of age discrimination."  Id. at 313.  Thus, despite the
parties' emphasis on the bright-line boundary of the protected
class, our review of the record has focused on the relative ages of
the affected employees rather than their placement on either side
of a rigid divide.
 Third:  Our last comment addresses the appellant's
reliance on a statement contained in his deposition, submitted as
part of his opposition to Sun's motion for summary judgment.  In
it, he vouchsafed that, at about the time of the reduction in
force, he asked the manager of the department in which he worked,
Henry McLeod, why he was being furloughed.  According to the
appellant, McLeod told him "that they had to get rid of one
supervisor, and that because I was the one less affected by a
discharge, since due to my age and years of service I qualified for
early retirement, they selected me."
 Consistent with the summary judgment standard, we accept,
arguendo, that McLeod made the comment.  Unlike the district
court, we would not characterize it, strictly speaking, as a stray
remark because McLeod (the department head and a member of the team
that rated the seven aspirants) was one of the decisionmakers and
his comment directly addressed the challenged employment decision.  
See Fernandes, ___ F.3d at ___ [slip op. at 16].  But for purposes
of this case, the most that can be extracted from McLeod's
statement is that the rankings may have been motivated by
considerations of retirement eligibility.  Although factoring
pension status into the decisional mix in a reduction-in-force
situation may seem unfair, it is not probative of age
discrimination.  As a matter of federal law, employment decisions
sparked by factors other than age, such as pension status, do not
prove age discrimination even though such factors correlate with
age to some extent.  See Hazen Paper Co. v. Biggins, 507 U.S. 604,
611-12 (1993) (explaining that an employment decision based on
pension status "would not be the result of an inaccurate and
denigrating generalization about age"); accord Broaddus v. Florida
Power Corp., 145 F.3d 1283, 1287 (11th Cir. 1998); Bramble v.
American Postal Workers Union, Providence Local, 135 F.3d 21, 25-26
(1st Cir. 1998); Hanebrink v. Brown Shoe Co., 110 F.3d 644, 647
(8th Cir. 1997).  This is but another iteration of the settled
principle that "[t]he ADEA does not stop a company from discharging
an employee for any reason (fair or unfair) or for no reason, so
long as the decision to fire does not stem from the person's age."  
Mesnick v. General Elec. Co., 950 F.2d 816, 825 (1st Cir. 1991).
 We need go no further.  Because the lower court
appropriately entered summary judgment on the appellant's ADEA
claim, it permissibly declined to exercise supplemental
jurisdiction over his claims under Puerto Rico law.  See Ruiz, 124
F.3d at 251; see also 28 U.S.C.  1367(c).

Affirmed.

</body>

</html>