**Ruth HOLIDAY, Plaintiff–Appellant,**

v.

**John G. MARTINEZ, as Chairperson of the New York City Housing Authority, Members of the New York City Housing Authority, New York Housing Authority, and Tino Hernandez, Defendants–Appellees.**

Docket No. 02–7848.

United States Court of Appeals, Second Circuit.

May 29, 2003.

---

Edward N. Simon, LSNY Manhattan (Lynn M. Kelly, Peggy Earisman, on the brief), New York, NY, for Plaintiff–Appellant.

Rosanne R. Pisem (Ricardo Elias Morales, General Counsel, New York City Housing Authority, Steven J. Rappaport, on the brief), New York, NY, for Defendants–Appellees.

PRESENT: STRAUB, B.D. PARKER, and RAGGI, Circuit Judges.

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 29th day of May, two thousand and three.

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiff–Appellant Ruth Holiday ("Holiday") appeals from the June 24, 2003 judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*) dismissing her due process claims against the New York City Housing Authority ("Housing Authority") and various officers of the Housing Authority. For the reasons stated below, we affirm.

Holiday alleges that defendants violated her rights to substantive and procedural due process in terminating her tenancy based on the misconduct of her adult, nonresident son. However, Holiday successfully appealed the termination through an Article 78 proceeding. On June 6, 2000, the Appellate Division, First Department, annulled the Housing Authority's action, finding the penalty disproportionate to the offense, and noting that Holiday's expulsion "is shocking to the conscience of the Court in view of the duration of [plaintiff's] tenancy, her large household that includes a disabled daughter, her unblemished record as a tenant and the predicate for the alleged violation in the isolated actions of

an emancipated child who not only resides elsewhere but against whom petitioner has found it necessary to obtain multiple orders of protection." *Holiday v. Franco,* 268 A.D.2d 138, 709 N.Y.S.2d 523, 526–27 (1st Dep't 2000) (internal citations omitted).

■ Although we are similarly troubled by the facts in this case, it remains true that Holiday was never evicted from her apartment. Under these circumstances – where Holiday never lost legal occupancy of her home – the availability of judicial review through an Article 78 proceeding provided Holiday with sufficient due process. *Cf. Locurto v. Safir,* 264 F.3d 154 (2d Cir.2001) (concluding that a post-deprivation Article 78 proceeding satisfied due process although plaintiffs alleged that their pre-termination hearing was flawed).*

In *Escalera v. New York City Housing Authority,* 425 F.2d 853, 865–66 (2d Cir. 1970), we noted that the availability of a later Article 78 proceeding will not cure fundamental defects in the termination process, such as the Housing Authority's failure to provide tenants with prior notice of the charges against them, the nature of the evidence supporting those charges, and an adequate opportunity to rebut the charges by confronting and cross-examining adverse witnesses. The terms of the *Escalera* consent decree are embodied in the Housing Authority's current Termination of Tenancy Procedures, and Holiday does not allege that she failed to receive the benefit of these basic safeguards. We therefore conclude that *Escalera* does not bar dismissal in this case, and that a later but pre-eviction Article 78 proceeding

provides adequate protection against other administrative errors in the termination process.

Holiday also alleges that many of the Housing Authority's current practices, in particular its use of form stipulations, violates the prior consent decrees entered in *Escalera* and *Tyson v. New York City Housing Authority,* 369 F.Supp. 513 (S.D.N.Y.1974). As a preliminary matter, it is unclear whether Holiday has standing to seek such broad injunctive and declaratory relief with regard to the Housing Authority's alleged policies and practices. In any event, given the complex nature of these consent decrees, *see, e.g. Escalera v. New York Housing Authority,* 924 F.Supp. 1323 (S.D.N.Y.1996) (modifying *Escalera* consent decree), potentially interested parties must seek enforcement through the issuing court, not through a separate action brought under 42 U.S.C. § 1983. *See Local Number 93, Int'l Assoc. of Firefighters v. City of Cleveland,* 478 U.S. 501, 523–24 n. 13, 106 S.Ct. 3063, 92 L.Ed.2d 405 (1986) (explaining that a consent decree continues jurisdiction in a single court); *see also Tyson,* 369 F.Supp. at 518 (rejecting plaintiffs' attempt to bring a separate suit to enforce the *Escalera* consent decree and noting "[t]o the extent that plaintiffs claim that the [Housing Authority] has violated the terms of the [*Escalera* ] decree ... their remedy lies with the *Escalera* court").

■ Finally, Holiday asserts a substantive due process claim, alleging that the form stipulation which she signed at the request of the Housing Authority, permanently excluding her son from her resi-

---

* Other circuit courts have accordingly held that state eviction proceedings provide sufficient procedural protection to public housing tenants even in the absence of pre-eviction administrative proceedings. *See Colvin v. Housing Authority of the City of Sarasota,* 71 F.3d 864, 866 (11th Cir.1996) (per curiam); *Perry v. Royal Arms Apartments,* 729 F.2d 1081, 1082 (6th Cir.1984) (per curiam); *Swann v. Gastonia Housing Authority,* 675 F.2d 1342, 1347 (4th Cir.1982).

dence, violated her right of familial association. The District Court lacks subject matter jurisdiction over this claim under the *Rooker–Feldman* doctrine as the Appellate Division found that Holiday was "duly advised of her right to counsel and elected to proceed without representation" and could not "establish collusion, fraud, accident, mistake or any other equitable ground ... to vacate [the] stipulated settlement [and is thus] ... bound by the agreement she signed." *Holiday*, 709 N.Y.S.2d at 525. To prevail on her substantive due process claim, Holiday would have to call the validity of these findings into question, as she could not claim a substantive due process violation based a condition she consented to in a binding stipulation. *See Hachamovitch v. DeBuono*, 159 F.3d 687, 694 (2d Cir.1998) (under *Rooker–Feldman*, federal courts lack jurisdiction "over any claims that are 'inextricably intertwined' with a state court's determination in a judicial proceeding"); *Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 199 (2d Cir.1996) (the scope of the *Rooker–Feldman* doctrine is at least as broad as the doctrines of claim and issue preclusion).

In any event, even if jurisdiction is arguable, the challenged stipulation provides that Holiday's son "shall not reside in nor visit the subject apartment." As such, Holiday knew of the alleged harm to her associational rights when she signed the stipulation on May 6, 1997. Because more than three years elapsed between that date and the commencement of this action on May 29, 2001, the substantive due process claim is barred by the statute of limitations. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79–80 (2d Cir.2002) (stating that New York's three year statute of limitations applies to § 1983 actions and that a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of [her] action") (internal quotations and citation omitted).

Accordingly, the judgment of the District Court is AFFIRMED.