[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 30, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-10108
Non-Argument Calendar
_____

D. C. Docket No. 04-00571-CV-J-20MMH

ERIC WENDELL HOLLOMAN,

Plaintiff-Appellant,

versus

JACKSONVILLE HOUSING AUTHORITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 30, 2007)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Eric Wendell Holloman appeals pro se the district court's order granting

summary judgment to his former landlord, the Jacksonville Housing Authority

("Housing Authority").  Before the district court, Holloman alleged that the

Housing Authority evicted him from public housing and made him ineligible for

housing subsidies for five years because of his race and disabilities.  The dispute

centered on an incident on June 18, 2004, when Holloman allegedly verbally

assaulted Housing Authority employees and contractors who he believed had

illegally entered his apartment and damaged his property.

I.

Holloman argues that the district court erred by granting the Housing

Authority summary judgment and denying his discriminatory housing claims under

the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-639, his disability

discrimination claims under the Americans with Disabilities Act ("ADA"), 42

U.S.C. §§ 12101-213, and his civil rights claims under 42 U.S.C. §§ 1983, 1985.

He appears to argue, more specifically, that the district court erred by relying on

the slander and hearsay of Housing Authority employees who had conspired

against him.  Further, Holloman argues that the district court denied him his "day

in court" and an opportunity to cross-examine the witnesses against him.

We review <u>de novo</u> the district court's grant of summary judgment, applying

the same standard as the district court and viewing all evidence and factual

inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party. Burton v. Tampa Housing Authority, 271 F.3d 1274, 1276-77 (11th Cir. 2001). A grant of summary judgment may be upheld on any basis supported by the record. Id. at 1277. We review issues of constitutional law de novo. Loyd v. Alabama Dept. of Corrections, 176 F.3d 1336, 1339 (11th Cir. 1999).

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to come forward with specific facts showing that there is a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

A party opposing summary judgment may not rest upon mere the allegations or denials contained in his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). There is a genuine issue of material fact if the nonmoving party has produced evidence upon which a

3

reasonable factfinder could return a verdict in its favor.  Waddell v. Valley Forge Dental Assocs., Inc., 276 F.3d 1275, 1279 (11th Cir. 2001).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice."  Loren v. Sasser, 309 F.3d 1296, 1302 (11th Cir. 2002).

Because Rule 56(e) requires that supporting and opposing affidavits be made on personal knowledge, statements in affidavits that are based, in part, upon information and belief, instead of personal knowledge alone, do not raise genuine issues of fact.  Pace v. Capobianco, 283 F.3d 1275, 1278-79 (11th Cir. 2002).  Accordingly, an affidavit stating only that the affiant "believes" a certain fact exists is insufficient to defeat summary judgment.  Id.  Further, unsworn statements, even from pro se parties, should not be "consider[ed] in determining the propriety of summary judgment."  Gordon v. Watson, 622 F.2d 120, 123 (5th Cir. 1980).  Federal law does provide an alternative to making a sworn statement, but requires that the statement include a handwritten averment, signed and dated, that the statement is true under the penalties of perjury.  28 U.S.C. § 1746.

Under the FHA, it is unlawful to "make unavailable or deny[] a [rental] dwelling . . . . [or to] discriminate against any person in the terms, conditions, or privileges of [the] rental of a dwelling, or in the provision of services or facilities in connection therewith to any person because of race, color, religion, sex, familial

4

status,[] national origin" or handicap. 42 U.S.C. § 3604(a)-(b), (f).

To state a claim under Title II of the ADA, a plaintiff must allege that (1) he is a "qualified individual with a disability," (2) he was "excluded from participation in or . . denied the benefit of the services, programs, or activities of a public entity," or otherwise "discriminated [against] by such entity," and (3) "by reason of such disability." 42 U.S.C. § 12132. "The term 'qualified individual with a disability' means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, . . . or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C.A. § 12131(2). The term "public entity" includes "any department, agency, special purpose district, or other instrumentality of a State . . . or local government." 42 U.S.C. § 12131(1)(B).

Under federal regulations governing HUD procedures, a lease between a public housing authority and a tenant shall oblige the tenant "[t]o act. . . in a manner which will not disturb other residents' peaceful enjoyment of their accommodations." 24 C.F.R. § 966.4(f)(11). The same regulations describe appropriate grounds for the termination of such a lease, including the "[f]ailure to fulfill household obligations, as described in paragraph (f) of this section."

5

24 C.F.R. § 966.4(l)(2)(i)(B). Assuming the tenant pursues a grievance against the housing authority, which is his right, the regulations establish that "[i]f the complainant . . . fails to appear at a scheduled hearing, the hearing officer or hearing panel . . . may make a determination that the party has waived his right to a hearing." 24 C.F.R. § 966.56(d).

The Fourteenth Amendment to the United States Constitution provides two kinds of due process protections: procedural and substantive. McKinney v. Pate, 20 F.3d 1550, 1555 (11th Cir. 1994) (en banc). A violation of either kind of protection may form the basis for a suit under 42 U.S.C. § 1983. Id. A violation of procedural due process occurs where the state fails to provide due process in the deprivation of a protected liberty interest. McKinney, 20 F.3d at 1557; see U.S. Const. amend. XIV. A violation of substantive due process occurs where an individual's fundamental rights, those "implicit in the concept of ordered liberty," are infringed–no matter the fairness of the procedure. McKinney, 20 F.3d at 1556.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). Thus, to establish an equal

6

protection violation a plaintiff ordinarily shows that the state treated him differently from a similarly situated person based on a constitutionally protected interest.  Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001).

Title 42 U.S.C. § 1985 addresses conspiracies to interfere with civil rights. See Childree v. UAP/GA Chem. Inc., 92 F.3d 1140, 1146 (11th Cir. 1996).  To state a successful § 1985(3) conspiracy claim, a plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) that a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.  Denney v. City of Albany, 247 F.3d 1172, 1190 (11th Cir. 2001).  However, "acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy."  Id.  Thus, under the intracorporate conspiracy doctrine "a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves."  Id.

The Seventh Amendment to the United States Constitution preserves an individual's right to a trial by jury.  U.S. Const. amend. VII.  Nevertheless, "where no issue of fact remains, summary judgment decides only questions of law and

7

does not deprive the losing party of its jury trial right. Itel Capital Corp. v. Cups Coal Co., Inc., 707 F.2d 1253, 1261 (11th Cir. 1983).

As an initial matter, the district court did send a notice to Holloman describing his rights under Rule 56, and Holloman did file responses to the Housing Authority's motion. Accordingly, the district court did not err in this respect. See Griffith v. Wainwright, 772 F.2d 822, 824-25 (11th Cir. 1985) (summary judgment cannot be entered against a pro se party unless that party has been given notice of his rights under the rule and how he might best defend them).

In this case, Holloman's only response to the Housing Authority's evidence regarding his history of disruptive behavior, including two letters from early 2004 warning him to control himself, was his repeated assertions that these allegations are lies, even slander and defamation, and that he was actually a quiet and charitable member of his community. Holloman made this defense in his complaint, in his "affidavit" amending the complaint, through another witness's "affidavit," and in his "declaration." But none of these documents were properly sworn, and none of them were made subject to the penalties of perjury as required by 28 U.S.C. § 1746. Accordingly, Holloman failed to dispute any of the facts set forth by the Housing Authority. Watson, 622 F.2d at 123.

Even assuming that Holloman's affidavits and declaration were properly

8

formed, they still do not create a genuine issue of fact over the Housing Authority's legitimate basis for evicting Holloman. Specifically, with regard to his FHA claim, Holloman failed to establish any connection between his race or disability and his eviction, and he further failed to show that the Housing Authority's explanation for his eviction, namely, his breach of his lease by "disturb[ing] other residents' peaceful enjoyment of their accommodations," was false or pretextual. The same analysis applies to Holloman's ADA claim; Holloman failed to show that, even if he qualified as a disabled individual under the ADA, he was denied the Housing Authority's services based on his disability.

Regarding procedural due process, the district court correctly found that Holloman's two agency hearings (neither of which he attended) and the state eviction proceeding provided all the process that was required. See Colvin v. Housing Authority of City of Sarasota, Fla., 71 F.3d 864, 866 (11th Cir. 1996) ("The state court eviction proceeding provided [the plaintiff] with all the process to which [he] was due."). As to any substantive due process claim he meant to raise, Holloman failed to identify the fundamental liberty interest at stake. See Tinker v. Beasley, 429 F.3d 1324, 1327 (11th Cir. 2005) ("The analysis of any claim to a substantive due process right should begin with a careful description of the asserted fundamental liberty interest." (internal quotation omitted)). Holloman's

9

equal protection claim likewise fails because he never identified any similarly situated comparators. See Executive 100, Inc. v. Martin County, 922 F.2d 1536, 1552 (11th Cir. 1991) (equal protection claim failed because of insufficient allegations that state treated plaintiffs "differently than other similarly situated property owners"). The court properly granted summary judgment on Holloman's § 1985 claim because he did not establish the existence of a conspiracy aimed at depriving him of the equal protection of the laws. Denney, 247 F.3d at 1190. Further, to the extent that the Housing Authority was the sole defendant in this suit, it could not have conspired with itself. Id. And finally, the district court also did not violate Holloman's right to trial by jury or any right he had to confront witnesses against him.[1] Itel Capital Corp., 707 F.2d at 1261.

For all these reasons, the district court did not err in granting the Housing Authority's motion for summary judgment.

**AFFIRMED.**

---

[1] Holloman also argues that the district court erred by (1) denying his self-styled motion for "speedy trial," (2) denying his motion for a hearing on various issues, (3) striking his petition in support of his good character, (4) denying his motion to compel production of certain documents, and (5) failing to postpone the entry of summary judgment under Rule 56(f). Having reviewed these arguments, we hold that they are meritless and do not warrant further discussion.