[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 23, 2012
JOHN LEY
CLERK

No. 11-15802
Non-Argument Calendar

_____

D.C. Docket No. 0:10-cv-60944-JIC

FIDENSIO FLORES FRANCO,

Plaintiff-Appellant,

versus

CHRISTOPHER CALDWELL,
SHERIFF OF BROWARD COUNTY, FLORIDA,
Alfred T. Lamberti, Sheriff,
DEPARTMENT OF FINANCIAL SERVICES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 23, 2012)

Before CARNES, WILSON, and HILL, Circuit Judges:

PER CURIAM:

Plaintiff, Flores Franco, appeals the denial of his Rule 50 motion for judgment as a matter of law, which he renewed following a jury verdict against him on his federal constitutional and state law claims of false arrest and malicious prosecution. Flores asserts that the district court erred in its instructions to the jury and that its verdict form misstated the law and misled the jury. We review allegations of error in jury instructions for an abuse of discretion. *Broaddus v. Florida Power Corp.*, 145 F.3d 1283, 1288 (11th Cir. 1998) (internal citation omitted). We do not find such an abuse unless we are left with a "substantial and uneradicable doubt" as to whether the jury was properly guided during its deliberations. *Id.*

Franco's main complaint regarding the court's jury instructions is that they used the word "intentionally" when no intent must be proved to establish a violation of a constitutional right. Franco is correct that proof of intent to violate a constitutional right is not required under Section 1983. The Eleventh Circuit Pattern Jury Instructions, which the court used to instruct the jury, also correctly reflect this law. The jury was instructed that as to plaintiff's claim of constitutional violation by reason of false arrest and malicious prosecution:

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:      That [the Defendant] intentionally committed acts that violated Flores Franco's federal constitutional right not to be arrested without probable cause;

Second:     That in so doing [the Defendant] acted "under color" of the authority of the State of Florida; and

Third:     That the acts of [the Defendant] were the proximate or legal cause of damages sustained by Flores Franco . . . .

This charge clearly requires only that the defendant intentionally committed the acts that are now alleged to be a constitutional violation – not that the defendant must have intentionally violated Franco's constitutional right. Franco is correct that only the former is required and the district court correctly instructed the jury to that effect. Accordingly, we find no error in these instructions.

Furthermore, the jury found that the third element – proximate cause of plaintiff's damage – was not met. On the verdict form, the jury answered the question whether the defendant proximately caused damages sustained by Franco in the negative. Therefore, even if the jury had been incorrectly instructed regarding intentionality in this action, they found that the defendant did not proximately cause damages to Franco, thereby extinguishing his claim.[1]

Based upon the foregoing, we hold that the judgement of the district court is due to be

AFFIRMED.

---

[1] Franco's final issue on appeal deals with an alleged error in the verdict form as to sovereign immunity, which is mooted by our decision finding no error in the instructions, and, therefore, no taint on the jury's verdict finding no liability.