**[NOT PUBLICATION — NOT TO BE CITED AS PRECEDENT]**

**United States Court of Appeals
For the First Circuit**

---

No. 99-2208

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES,
AFL-CIO, LOCAL 1146, ET AL.,

Plaintiffs, Appellants,

v.

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Patti B. Saris, U.S. District Judge]

---

Before

Selya, Circuit Judge,

Coffin, Senior Circuit Judge,

and Boudin, Circuit Judge.

---

Martin R. Cohen, with whom Mark D. Roth was on brief, for appellants.
George B. Henderson, II, Assistant United States Attorney, with whom Donald K. Stern, United States Attorney, was on brief, for appellee.

---

May 18, 2000

---

**Per Curiam.** In this case, the plaintiffs sought to obtain various documents under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. The paperwork pertained to a February 1997 indoor air quality study conducted with respect to an agency workplace in Salem, Massachusetts. The government produced all but six of the documents. Wanting the whole loaf, the plaintiffs then brought suit to compel the disclosure of these remaining items.

The parties cross-moved for summary judgment. The district court referred the motions to a magistrate judge, see Fed. R. Civ. P. 72(b), who perused the six disputed documents in camera; found them protected under FOIA Exemption 5, 5 U.S.C. § 552(b)(5); and wrote a thoughtful report and recommendation in which he urged the court to grant brevis disposition in the government's favor.

The plaintiffs objected to the report and recommendation. On de novo review, see Fed. R. Civ. P. 72(b), the district judge examined the disputed documents, approved the magistrate's report, and entered summary judgment as he had recommended. This appeal ensued.

We previously have stated that when a judge accurately takes the measure of a case and articulates his or her rationale clearly and convincingly, "an appellate court should refrain

from writing at length to no other end than to hear its own words resonate." Lawton v. State Mut. Life Assur. Co., 101 F.3d 218, 220 (1st Cir. 1996); accord Cruz-Ramos v. Puerto Rico Sun Oil Co., 202 F.3d 381, 383 (1st Cir. 2000); Ayala v. Union de Tronquistas, Local 901, 74 F.3d 344, 345 (1st Cir. 1996); Holders Capital Corp. v. California Union Ins. Co. (In re San Juan Dupont Plaza Hotel Fire Litig.), 989 F.2d 36, 38 (1st Cir. 1993). This tenet has particular value where, as here, no new law is broached, and the case on appeal involves, in the last analysis, the application of settled legal principles to a specific set of facts. Thus, we apply the tenet and affirm the judgment below for substantially the reasons elucidated in the magistrate judge's well-conceived rescript. We add only that we too have reviewed the disputed documents, and that we believe the magistrate's appraisal of them — especially his conclusion that they are both predecisional and within the deliberative process — is fully consistent with our holding in Providence Journal Co. v. United States Dep't of the Army, 981 F.2d 552, 557-63 (1st Cir. 1992). We need go no further.

**Affirmed.**