**[NOT FOR PUBLICATION — NOT TO BE CITED AS PRECEDENT]**

# United States Court of Appeals

## For the First Circuit

No. 99-1868

ELAINE CHANDLER,

Plaintiff, Appellant,

v.

RAYTHEON EMPLOYEES DISABILITY TRUST AND
METROPOLITAN LIFE INSURANCE COMPANY,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Patti B. Saris, U.S. District Judge]

Before

Selya and Lynch, Circuit Judges,

and Schwarzer,* Senior District Judge.

John S. Wessler, with whom Nathanson, Wessler & Onerheim was
on brief, for appellant.
Jean M. Kelley, with whom Morrison, Mahoney & Miller, LLP
was on brief, for appellees.

June 14, 2000

_____
*Of the Northern District of California, sitting by designation.

**SELYA,** <u>Circuit Judge</u>.  Ably represented, plaintiff-appellant Elaine Chandler challenges a fiduciary's determination deeming her ineligible to receive long-term disability benefits under a plan sponsored by her employer, Raytheon Company.  The plan is subject to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1461.

The denial of benefits occurred when the plan's claims administrator, defendant-appellee Metropolitan Life Insurance Company (Met Life), determined that, as of the critical date (July 1995), Chandler was not "totally disabled" as that term is defined in the plan.  Chandler exhausted her administrative remedies and then sought judicial review.  <u>See</u> 29 U.S.C. § 1132(a)(1)(B).  The district court rejected her plea.  <u>See</u> <u>Chandler</u> v. <u>Raytheon Employees Disability Trust</u>, 53 F. Supp. 2d 84 (D. Mass. 1999) (granting summary judgment for the defendants).  Chandler appeals that order.

We previously acknowledged that when a judge accurately takes the measure of a case and articulates a convincing rationale, "an appellate court should refrain from writing at length to no other end than to hear its own words resonate." <u>Lawton</u> v. <u>State Mut. Life Assur. Co.</u>, 101 F.3d 218, 220 (1st Cir. 1996); <u>accord</u> <u>Cruz-Ramos</u> v. <u>Puerto Rico Sun Oil Co.</u>, 202 F.3d 381, 383 (1st Cir. 2000); <u>Ayala</u> v. <u>Union de Tronquistas,</u>

Local 901, 74 F.3d 344, 345 (1st Cir. 1996); Holders Capital Corp. v. California Union Ins. Co. (In re San Juan Dupont Plaza Hotel Fire Litig.), 989 F.2d 36, 38 (1st Cir. 1993). This principle has particular force where, as here, a case involves no more than the application of uncontroversial legal rules to a specific, highly idiosyncratic set of facts. Thus, we affirm the judgment below for substantially the reasons elucidated in Judge Saris's thoughtful rescript. See 53 F. Supp. 2d at 91.

We add only that we are fully persuaded that the appropriate standard by which Met Life's decision must be gauged is whether its actions can be deemed arbitrary and capricious. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); Recupero v. New Engl. Tele. & Tel. Co., 118 F.3d 820, 827 (1st Cir. 1997). Because the evidence of record here, taken as a whole, affords reasonable support for Met Life's determination, that rampart has not been breached. See Doyle v. Paul Revere Life Ins. Co., 144 F.3d 181, 184 (1st Cir. 1998). We need go no further.

**Affirmed.**