John BOY, Plaintiff,

v.

GENERAL ELECTRIC COMPANY,
Defendant.

No. Civ.A. 98–11770–MEL.

United States District Court,
D. Massachusetts.

Sept. 18, 2000.

David B. Stein, Dropkin, Perlman, Leavitt & Rubin, Lexington, MA, for Plaintiff.

John Boy, Saugus, MA, pro se.

Robert P. Morris, James M. Paulson, Morgan, Brown & Joy, Boston, MA, for Defendant.

*MEMORANDUM AND ORDER*

LASKER, District Judge.

Boy brings this action against his former employer, General Electric Company ("GE"), alleging that GE's decision to lay him off and subsequent decision not to rehire him were on account of his age and disability. Boy is suing GE under the Age Discrimination in Employment Act of 1967 ("ADEA")[1] and the Americans with Disabilities Act of 1990 ("ADA").[2] In addition, Boy claims that GE's decision not to rehire him was in retaliation for his filing an internal complaint of discrimination. On June 15, 2000, GE moved for summary judgment. Except as to Boy's claim that GE laid him off because of his age, the motion is granted.

## I.

Boy was born on May 1, 1950. He began to work for GE in 1972. In 1989, Boy became employed as a Program Manager in GE's Military Engine Offset Organization at its Lynn, Massachusetts site. By all accounts, his work in this position was satisfactory. While Boy and his boss, George Soteropoulos, had some disputes, these disputes appear to have been minor. One such dispute, was when Boy appears to have informed Soteropoulos that he was taking anti-anxiety medication in an effort to explain why he did not want to go on a business trip to the Middle East. Another sign of some discord is that in April of 1993, Boy filed an internal complaint of discrimination.

Starting in the late 1980s, GE began laying off workers in its aircraft engine business. In the summer of 1993, Soteropoulos, was informed that he would have to lay someone off in his Organization. At that time, Soteropoulos supervised five employees: Boy; Oscar Placco (another employee located in Lynn); two employees located at a site in Ohio; and Russell St. John (a member of the SIGMA program who was temporarily assigned to the Organization). In order to determine who would be laid off, Soteropoulos used GE's merit comparison system and compared Boy to Placco. Soteropoulos asserts that he did not include St. John in the comparison because it was "against company policy" to consider SIGMA employees for layoff. Soteropoulos also explains that he did not include the two Ohio workers in the comparison because it was "against company policy" to compare employees at different sites. In the summer of 1993, GE had a detailed layoff manual which makes no mention of either of these "company policies." Using the merit comparison system, Soteropoulos determined that Placco had scored higher than Boy. On August 30, 1993, Boy was notified that he would be laid off effective November 2, 1993. On September 30, 1993, Soteropoulos offered St. John, an employee who was 10 years younger and less experienced than Boy, Boy's former position at a higher salary. St. John accepted the position.

After Boy had been notified that he would be laid off, but before his separation from employment, Boy applied for another job with GE in its F–414 Integrated Logistics Support unit. Boy was not hired because John Divins, the manager of that unit, thought that he was "too aggressive" at his interview for the job. Divins Dep. at 26. In 1995, there were two openings at GE for job that Boy had been doing. Boy applied for these positions. GE declined to offer Boy either position because there were, in its estimation, other more qualified applicants.

## II.

*Boy has Produced Sufficient Evidence of Pretext to Reach a Jury on his ADEA Layoff Claim*

■ To establish a prima facie case for an ADEA layoff claim a plaintiff must

---

1. Age Discrimination in Employment Act of 1967, Pub.L. No. 90–202, 81 Stat. 602 (codified as amended at 29 U.S.C. §§ 621–634).

2. Americans with Disabilities Act of 1990, Pub.L. No. 101–336, 104 Stat. 327 (codified as amended in scattered sections of 42 and 47 U.S.C.).

demonstrate that she was at least 40, her performance was satisfactory, she was terminated and the employer retained someone younger. *Cruz–Ramos v. Puerto Rico Sun Oil Co.*, 202 F.3d 381, 384 (1st Cir. 2000). Boy meets this standard because he was terminated when he was 43, his performance was satisfactory, and he was replaced by a worker ten years his junior.

GE's rationale for laying off Boy is that it needed to reduce the workforce in Boy's Organization and that Boy was selected for layoff because he had the lowest score according to its merit comparison system in his Organization.

Boy does not question the validity of the merit comparison system or his score. In asserting pretext, however, he does question why St. John (a member of the SIGMA program who was in his department at the time of the layoff) and two workers at the Ohio site were not included in GE's comparison.

GE responds that it had a policy of not subjecting workers in different sites and members of the SIGMA program to the merit comparison process.

■ A jury could find that GE's purported reasons were pretextual. GE's detailed layoff handbook contains no mention either of its "policy" of excluding members of the SIGMA program or its "policy" against comparing workers at different sites. A jury could find these unexplained omissions telling. In addition, the circumstances surrounding Boy's layoff are murky. At root, Boy was laid off because GE "needed" to cut costs by reducing the number of people doing his job. Before Boy had even left GE, the company developed a "need" to increase the number of people doing his job. Rather than recalling Boy, GE filled his position with a younger, less experienced, and higher paid worker. A jury could reasonably question why GE's needs appear to be so fickle. As in *Reeves v. Sanderson Plumbing Products, Inc.*, 529 U.S. ——, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105 (2000), "[t]he plaintiff's prima facie evidence, and the evidence that the employer's legitimate non-discriminatory reason for the adverse decision is false are sufficient to support a finding that the employer intentionally discriminated."

*Boy has Produced Insufficient Evidence of Pretext to Support his ADEA Failure to Rehire Claim*

There is no dispute that Boy has stated a prima facie case under the ADEA based on GE's decisions not to rehire him. GE offers as its reasons for denying Boy the positions that: (1) he was "overly aggressive" in his interview for the first job; (2) there were more qualified applicants for the second job. In response, Boy argues that these assessments were cursory and mistaken.

Boy has failed to produce any evidence that GE's reasons for not rehiring him were pretextual. Boy's ADEA claims based on GE's failure to rehire him are without merit.

*Boy has Not Produced Sufficient Evidence of Unlawful Retaliation*

Boy contends that GE's decision not to rehire him when his prior position became available in 1995, was in retaliation for an internal complaint of discrimination that he had filed in 1993. As evidence to support this conclusion, Boy points out that he had previously performed his job in a satisfactory manner and that GE's decision not to rehire him came two years after he had filed an internal complaint of discrimination.

■ To establish a prima facie case of retaliation a plaintiff must show "that he was engaged in protected conduct, that he was [subject to adverse action], and that there was a causal connection between the [adverse action] and the conduct." *Soileau v. Guilford of Maine, Inc.*, 105 F.3d 12, 16 (1st Cir.1997) (discussing the ADA).

■ Boy fails to establish a prima facie case because he has not produced sufficient evidence that there was a causal connection between GE's decision not to rehire him and his filing of an internal com-

plaint. In addition, Boy has not presented evidence that GE's non-retaliatory reason for declining to rehire him is pretextual. Accordingly, Boy's retaliation claim fails.

### Boy has Not Established a Prima Facie Case Under the ADA

Boy asserts that GE's determination to lay him off and not to rehire him was based, at least in part, on his alleged disability. To prove that his employer was aware of his condition, Boy relies on an alleged statement he made to Soteropoulos that he was "taking anti-anxiety medication" and Soteropoulos' use of "behavioral terms" in a performance evaluation. The only other pertinent evidence relied on by Boy to establish his ADA claims is a letter from his treating physician stating that he suffered, prior to his separation from GE and continues to suffer, from major depression and panic disorder.

■ "To state a prima facie claim of disability discrimination under the ADA a plaintiff must prove by a preponderance of the evidence that: (1) he was disabled within the meaning of the Act; (2) he was a qualified individual ...; (3) he was discharged because of his disability." *Ward v. Massachusetts Health Research Inst., Inc.,* 209 F.3d 29, 32–33 (1st Cir.2000). In addition, a plaintiff must show that the decision maker knew or perceived that she was disabled. *See Tardie v. Rehabilitation Hosp. of Rhode Island,* 168 F.3d 538, 541–542 (1st Cir.1999).

■ Boy's ADA claims can not be sustained. They do not even state a prima facie case because Boy has provided no evidence that GE's decision makers knew of his disability, that he suffered an adverse employment action because of his disability and the evidence that he has provided, raises a serious question whether he was disabled within the meaning of the Act.

### III.

Counts II and III are dismissed. The sole issue remaining for trial is whether GE's decision to layoff Boy violated the ADEA.

It is so ordered.