[NOT FOR PUBLICATION - NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 01-1640

DEBORAH SCOTT,

Plaintiff, Appellant,

v.

SULZER CARBOMEDICS, INC., MARK HAMLET, AND ROBERT WHITE,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nancy Gertner, U.S. District Judge]

---

Before

Boudin, Chief Judge,
Rosenn*, Senior Circuit Judge,
and Lipez, Circuit Judge.

---

Matthew Cobb, with whom Law Office of Matthew Cobb was on brief, for appellant.

Lisa J. Damon, with whom Brigitte M. Duffy and Seyfarth Shaw were on brief, for appellees.

---

January 3, 2002

---

_____

**Per Curiam.** Deborah Scott appeals from the judgment of the district court granting summary judgment in favor of her former employer, Sulzer Carbomedics, Inc. Scott claims that Sulzer Carbomedics, which terminated her employment in June of 1997, discriminated against her on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; the Equal Pay Act, 29 U.S.C. § 206(d); and the Massachusetts anti-discrimination statute, Mass Gen. Laws ch. 151B. She also seeks to recover against two of her supervisors at Sulzer Carbomedics for intentional interference with contractual relations, and against all defendants for libel and slander. On May 15, 2001, the district court issued a Memorandum and Order granting summary judgment for the defendants on all counts. Scott v. Sulzer Carbomedics, Inc., 141 F. Supp. 2d 154 (D. Mass 2001).

After a detailed review of the evidence, the district court found that Scott had failed to meet "her initial burden of presenting circumstantial evidence sufficient to create an inference that the basis for [the] adverse employment decisions" was her gender. Id. at 173. The district court concluded that "[t]he story that emerges from the documents is not one of discrimination, but one of performance," id. at 161, and that Scott had "failed to raise a genuine issue of material fact as

-3-

to whether she performed her job at an acceptable level," id. at 172.  The district court also found Scott's tort claims to be without merit.  Id. at 177-80.

We have said that "when a trial court accurately takes the measure of a case and articulates its rationale clearly and convincingly, 'an appellate court should refrain from writing at length to no other end than to hear its own words resonate.'" Cruz-Ramos v. Puerto Rico Sun Oil Co., 202 F.3d 381, 383 (1st Cir. 2000) (quoting Lawton v. State Mut. Life Assurance Co., 101 F.3d 218, 220 (1st Cir. 1996)).  This is such a case.  We therefore affirm the judgment below for substantially the reasons given in the district court's comprehensive and well-reasoned opinion, upon which we cannot improve.

**Affirmed.**