**Dina E. DELGADO De JESÚS,**
**Plaintiff, Appellant,**

v.

**CORPORACIÓN DEL CENTRO CAR-**
**DIOVASCULAR DE PUERTO RICO**
**Y DEL CARIBE; Ana Mytrta Soto–**
**Boneto; Abneris De–Jesús, Defen-**
**dants, Appellees.**

No. 02–2081.

United States Court of Appeals,
First Circuit.

March 31, 2003.

Raymond L. Sanchez Maceira, for appellant.

Carlos George, José R. González–Nogueras, and Jiménez, Graffam & Lausell, for appellees.

Before TORRUELLA, Circuit Judge,
COFFIN, Senior Circuit Judge, and
LIPEZ, Circuit Judge.

PER CURIAM.

Plaintiff Dina Delgado De Jesus, a fifty-year old woman, was employed as a professional nurse with Centro Cardiovascular de Puerto Rico y del Caribe ("CCPR") from September 3, 1996, to September 11, 1997. On September 11, 1997, she submitted her resignation effective September 26, citing "unhappiness with work conditions" arising from alleged derogatory age-related remarks directed at plaintiff by Ana Myrta Soto, Delgado's supervisor. One day before the effective date, Delgado attempted to revoke her resignation by mail, informing CCPR that she would return to work after receiving treatment for a work-related injury. Defendants immediately accepted Delgado's revocation, and informed plaintiff that they would keep her position open (as required by law)[1] while she underwent treatment.

On October 13, 1998—more than one year after Deglado's request for temporary leave to receive treatment—CCPR sent Delgado a letter requesting that she contact the Nursing Department Director to coordinate her return to work. The letter specified that if Delgado failed to contact CCPR, the medical center would

---

1. *See* 11 P.R. Laws Ann. § 7 (2000).

have no choice but to declare her position vacant and hire a replacement. Delgado concedes that she received the letter, but made no effort to contact CCPR about returning to work. Finally, on November 6, 1998, having heard nothing from Delgado, CCPR declared the position vacant and hired Ana González, a forty-nine year old woman, to take over Delgado's duties.

On September 12, 2000, plaintiff brought claims against CCPR and two of its employees under the Age Discrimination in Employment Act ("ADEA") and various provisions of state law, alleging age discrimination and constructive discharge. After the district court granted both sides substantial discovery, defendants moved for summary judgment on January 31, 2002. The court granted the motion in a thoughtful and well-reasoned opinion, determining that summary judgment was appropriate in light of plaintiff's failure to proffer any direct evidence of age discrimination or, alternatively, to establish a prima facie case of age discrimination sufficient to trigger a burden-shift under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The court expressly rejected plaintiff's attempt to invoke *McDonnell Douglas* on her constructive discharge claim, observing that "[n]o assertions, let alone evidence, has been presented describing how difficult or unpleasant the working conditions were such that a reasonable person in her shoes would have been compelled to resign."

We now affirm the district court's thorough decision without elaboration. "We have long proclaimed that when a lower court produces a comprehensive, well-reasoned decision, an appellate court should refrain from writing at length to no other end than to hear its own words resonate." *Lawton v. State Mut. Life Assur. o.,* 101 F.3d 218, 220 (1st Cir.1996); *accord Cruz–*

*Ramos v. Puerto Rico Sun Oil Co.,* 202 F.3d 381, 383 (1st Cir.2000); *Ayala v. Union de Tronquistas, Local 901,* 74 F.3d 344, 345 (1st Cir.1996). We simply note that Delgado has raised no factual or legal argument on appeal that calls into question the accuracy of the district court's analysis or conclusions. Accordingly, the decision of the district court is ***affirmed.***