**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-1710

MEDICAL BOOKS IN PRINT, INC.,
Plaintiff, Appellant,

v.

HARCOURT, INC.,
Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Selya, Circuit Judge,
Coffin, Senior Circuit Judge,
and Lipez, Circuit Judge.

José R. García Pérez, with whom Bufete Bennazar, C.S.P. was on
brief, for appellant.
Raúl M. Arias, with whom Arturo J. García-Solá and McConnell
Valdés were on brief, for appellee.

March 18, 2004

**Per Curiam**.  In this diversity case the plaintiff, a merchandiser of books and a quondam distributor of medical texts published by the defendant, charges the defendant with violating, inter alia, the Puerto Rico Dealer's Act, 10 P.R. Laws Ann. §§ 278-278e, the Puerto Rico Sales Representatives Act (SRA), 10 P.R. Laws Ann. §§ 279-279h, and various provisions of the Puerto Rico Civil Code.  After a lengthy period of pretrial discovery, the district court wrote a thoughtful rescript and granted the defendant's motion for summary judgment.  Medical Books in Print, Inc. v. Harcourt, Inc., Civ. No. 99-2208, slip op. (D.P.R. March 21, 2003) (unpublished).  The plaintiff now appeals.

We have stated before, and today reaffirm, that when a nisi prius court accurately takes the measure of a case, applies the appropriate legal rules, and formulates a convincing rationale, "an appellate court should refrain from writing at length to no other end than to hear its own words resonate." Lawton v. State Mut. Life Assur. Co., 101 F.3d 218, 220 (1st Cir. 1996).  We frequently have followed this admonition in suitable instances, see, e.g., Cruz-Ramos v. P.R. Sun Oil Co., 202 F.3d 381, 383 (1st Cir. 2000); Ayala v. Union de Tronquistas, Local 901, 74 F.3d 344, 345 (1st Cir. 1996); Holders Capital Corp. v. Cal. Union Ins. Co. (In re San Juan Dupont Plaza Hotel Fire Litig.), 989 F.2d 36, 38 (1st Cir. 1993), and this case fits neatly within its boundaries.

Consequently, we affirm the judgment below for substantially the reasons set forth in the lower court's well-crafted opinion.

We add only that the issue here is not, as the plaintiff assumes, whether the plaintiff has suffered harm as a result of the severance of its non-exclusive distributorship agreement with the defendant. Rather, the issue centers on which party bears the legal responsibility for the end of that relationship. As the district court perspicaciously observed, the plaintiff failed to give timely notice, as per the contract, of an intent to renew the distribution agreement. That led, in turn, to the expiration of the agreement. In these circumstances, the Dealer's Act does not afford the plaintiff a remedy. See Vulcan Tools of P.R. v. Makita U.S.A., Inc., 23 F.3d 564, 569 (1st Cir. 1994); Nike Int'l Ltd. v. Athletic Sales, Inc., 689 F. Supp. 1235, 1238, 1247-48 (D.P.R. 1988). And because the distribution agreement, by its explicit terms, was non-exclusive, the SRA is also unavailable.[1] See 10 P.R. Laws Ann. § 279(a) (defining "[s]ales representative" as "[a]n independent entrepreneur who establishes a sales representation

---

[1]The plaintiff contends that the payment of a 10% override commission on all direct sales by the defendant in Puerto Rico rendered the distribution agreement exclusive. We do not agree. The essence of a non-exclusive agreement is that the manufacturer (or, as here, the publisher) retains the right to sell its wares to others, including other distributers, as it sees fit. See Vulcan Tools, 23 F.3d at 567. The defendant at all times retained that right.

-3-

contract of an <u>exclusive</u> nature, with a principal or grantor")
(emphasis supplied).

We need go no further.  Having scoured the briefs, entertained oral argument, and carefully canvassed the record, we, like the district court, find no significantly probative evidence sufficient to create a genuine dispute as to any material fact. The defendant was, as the district court ruled, entitled to judgment as a matter of law.

**<u>Affirmed</u>**.