## Arnold HOFFMAN, Plaintiff

v.

## APPLICATORS SALES & SERVICE, INC., a Maine corporation including its wholly owned division, Paradigm Window Solutions, Andrew Sevier, and Richard Robinov, Defendants

### No. CIV.04–160–P–C.

United States District Court,
D. Maine.

March 9, 2005.

Sumner H. Lipman, Lipman, Katz & McKee, Augusta, ME, David M. Hoffman, Law Office of David Hoffman, Summit, NJ, Tracie L. Adamson, Lipman, Katz & Mckee, Augusta, ME, for Arnold Hoffman, Plaintiff.

Kate S. Debevoise, Bernstein, Shur, Sawyer, & Nelson, Louis B. Butterfield, Bernstein, Shur, Sawyer, & Nelson, Portland, ME, for Applicators Sales & Services Inc, Paradigm Window Solutions, Andrew Sevier, Richard Robinov, Defendants.

## ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND REMANDING THE CASE TO STATE COURT

GENE CARTER, Senior District Judge.

Plaintiff Arnold Hoffman originally filed his three count complaint in the Superior Court of the State of Maine. Count I alleges age discrimination against his former employer, Applicators Sales & Service (hereinafter "Applicators"), and its wholly owned division, Paradigm Window Solutions (hereinafter "Paradigm") (collectively "the Company"). Count II alleges defamation against the Company, Richard Robinov, and Andrew Sevier. Count III alleges breach of an employment agreement by the Company. On July 21, 2004, Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

■ Now before the Court is Defendants' Motion for Summary Judgment (Docket Item No. 12). For the reasons set forth below, the Court will grant Defendants' Motion as to Count I and will remand Counts II and III to the state court.[1]

---

1. As an initial matter, Plaintiff contends that this case is not ripe for summary judgment because discovery has not yet been completed. Although the deadline to complete discovery in this matter was December 27, 2004, see Scheduling Order (Docket Item No. 4) at

## I. Facts

■ The Court views the record on summary judgment in the light most favorable to the nonmovant. *See Santiago–Ramos v. Centennial P.R. Wireless Corp.,* 217 F.3d 46, 50 (1st Cir.2000). The summary judgment record supports the following relevant facts.

Applicators is a wholesale distributor that sells building products to professional contractors. Part of Applicators' business included manufacturing windows under a franchise agreement with a national company. At some point, Applicators elected to end its relationship with the franchisor in order to start a new venture with its own products. This new business venture resulted in the creation of Defendant Paradigm. Defendant Robinov is the head of Paradigm. Defendant Sevier is Paradigm's General Manager. Functioning as a semi-autonomous division, Paradigm manufactures and distributes windows under its own name and for a private label.

Prior to commencing employment with Defendant Company, Plaintiff Hoffman was employed by MBF Windows in Portland, Maine for seven years. Plaintiff served as head of the Portland operation of MBF and in that position he performed a wide range of responsibilities while also directly supervising one or two employees at any given time. Upon viewing an advertisement for an outside sales position at Applicators, Plaintiff submitted his résumé to the Company in March or April of 2000. Plaintiff first interviewed with Defendants Robinov and Sevier along with two other Company employees. These four interviewers conveyed little information about the position because Applicators had not yet announced plans to sever ties with its franchisor. Approximately three weeks after the first interview, Plaintiff was called in for a follow-up interview and was offered employment. He accepted the position [2] and began work at the beginning of May 2000.[3] Plaintiff was 54 or 55 years old when he began work at the Company. *See* Deposition of Arnold Hoffman (Docket Item No. 13) at 63.

Defendant Sevier was Plaintiff's supervisor throughout his employment with Paradigm. According to Plaintiff, Mr. Sevier "was a very poor manager [who] ... motivated by intimidation and negative ... comments, not by positives and encouragement." *See* Defendants' Statement of Ma-

---

2, Plaintiff contends that he has not yet received documents from Defendants that may be critical to Plaintiff's position. *See* Plaintiff's Objection to Motion for Summary Judgment (Docket Item No. 34) at 2. Plaintiff has not, however, filed an affidavit with the Court pursuant to Fed.R.Civ.P. 56(f) ("Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."). Failure to follow the procedural requirements of Rule 56(f) permits the Court to prohibit Plaintiff from asserting that this case is not ripe for summary disposition. *See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 988 (1st Cir.1988)

("An opponent of a summary judgment motion need not follow the exact letter of Rule 56(f) in order to obtain its benefits. Nevertheless, he departs from the plain language of the rule at his peril.").

2. The parties dispute whether Defendant Sevier or Defendant Robinov offered the position to Plaintiff.

3. His position was apparently targeted for the newly formed Paradigm division. The record is unclear as to when Paradigm officially commenced operation. When Plaintiff began working for the Company, he first worked with existing accounts that were purchasing windows under the franchisor's name. His job responsibilities evolved as the Company developed the Paradigm window program.

terial Facts (hereinafter "Defendants' SMF") (Docket Item No. 20) at 6; Plaintiff's Opposing Statement of Material Facts (hereinafter "Plaintiff's OSMF") (Docket Item No. 30) at 6. Plaintiff viewed Sevier as an irrationally demanding supervisor, and the relationship between the two deteriorated over time.

On May 22–23, 2003, Plaintiff underwent a performance review. In the written review, Defendant Sevier was critical of Plaintiff's performance, see Paradigm Window Solutions Employee Performance Review (attached as Exhibit 4 to Defendants' Motion for Summary Judgment) at D25, and at the time elected not to grant Plaintiff a merit pay increase. Plaintiff and Mr. Sevier set a date of August 29, 2003, for a follow-up, at which time Plaintiff's performance would be re-evaluated and a determination would be made about whether to increase Plaintiff's salary. Plaintiff sent Mr. Sevier a rebuttal to his criticisms immediately following his May 2003 review. Mr. Sevier responded to the rebuttal in writing and restated his plan for the August review. Plaintiff sent Mr. Sevier a second rebuttal on June 22, 2003.

On or about June 25, 2003, Plaintiff and Mr. Sevier had a dispute about the status of a work-related project. Mr. Sevier apparently lost his temper and shortly thereafter, the Company terminated Plaintiff's employment.[4] Scott Frazier, a long time Company employee, took over Plaintiff's position approximately three months following Plaintiff's termination. Plaintiff alleges that Mr. Frazier was less than forty years of age at the time he was promoted.

## II. Summary Judgment Standard

■ Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "In this regard, 'material' means that a contested fact has the potential to change the outcome of the suit under the governing law if the dispute over it is resolved favorably to the nonmovant. By like token, 'genuine' means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party." Navarro v. Pfizer Corp., 261 F.3d 90, 93–94 (1st Cir.2001) (quoting McCarthy v. Northwest Airlines, Inc., 56 F.3d 313, 315 (1st Cir.1995)). "A trialworthy issue exists if the evidence is such that there is a factual controversy pertaining to an issue that may affect the outcome of the litigation under the governing law, and the evidence is 'sufficiently open-ended to permit a rational factfinder to resolve the issue in favor of either side.'" De-Jesus–Adorno v. Browning Ferris Indus., 160 F.3d 839, 841–42 (1st Cir.1998) (quoting Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir.1995)).

■ Summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has presented evidence of the absence of a genuine issue, the nonmoving party must respond by "placing at least one material fact into dispute." FDIC v. Anchor Props., 13 F.3d 27, 30 (1st Cir.

---

**4.** Whatever dispute there is about the facts resulting directly in Plaintiff's discharge is not material to resolution of the question discussed below as to whether Plaintiff has produced any sufficient evidence of pretext.

1994) (citing *Darr v. Muratore,* 8 F.3d 854, 859 (1st Cir.1993)).

### III. The Age Discrimination Count

### a. Requirements of the ADEA

■ Under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.,* "it is unlawful for an employer ... to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." *Id.* § 623(a)(1). In order to prevail in a lawsuit under the ADEA, the plaintiff's age must actually play a role in the employer's decisionmaking process and have a determinative or motivating influence on the outcome. *See Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 141, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (quoting *Hazen Paper Co. v. Biggins,* 507 U.S. 604, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993)).

■ To establish a *prima facie* case of age discrimination, "an ADEA claimant must adduce evidence that: (1)[he] was at least forty years of age; (2)[his] job performance met the employer's legitimate expectations; (3) the employer subjected [him] to an adverse employment action (e.g., an actual or constructive discharge); and (4) the employer had a continuing need for the services provided by the position from which the claimant was discharged." *Gonzalez v. El Dia, Inc.,* 304 F.3d 63, 68 (1st Cir.2002); *see also Baralt v. Nationwide Mut. Ins. Co.,* 251 F.3d 10, 17 (1st Cir.2001) (same). This *prima facie* showing creates a rebuttable presumption that the defendant-employer violated the ADEA. *Gonzalez,* 304 F.3d at 69–70. After the creation of such a presumption, the burden of production shifts to the defendant-employer *to articulate* "a legitimate, nondiscriminatory basis for its adverse employment action." *Id.* at 70; *see also Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 254–56, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) (same).

■ If the employer is able to meet its burden, the presumption afforded to Plaintiff's *prima facie* case disappears and the Plaintiff must "adduce sufficient creditable [sic] evidence that age *was a motivating factor* in the challenged employment action." *Gonzalez,* 304 F.3d at 69 (emphasis added). Plaintiff may meet his burden of proof by showing that the employer's articulated reason for the challenged employment action was pretextual, *Dominguez–Cruz v. Suttle Caribe, Inc.,* 202 F.3d 424, 430 n. 5 (1st Cir.2000), from which the factfinder in turn may, but need not, infer the alleged discriminatory animus. *Fite v. Digital Equip. Corp.,* 232 F.3d 3, 7 (1st Cir.2000) (citing *Reeves,* 530 U.S. 133, 120 S.Ct. 2097).

### b. Plaintiff's *Prima Facie* Case

■ The Court considers here the four factors articulated in *Gonzalez.* First, Plaintiff is over forty years of age. Though the Court has serious doubts about whether Plaintiff can satisfy the second element, meeting his employer's legitimate expectations, the Company does not challenge this element on summary judgment. Third, Plaintiff's employment with Defendant Company was terminated. Fourth, Plaintiff has presented evidence that the Company had a continuing need for services provided by someone in Plaintiff's position.[5] Although the Company vigorously disputes whether Plaintiff has

---

**5.** The record supports a finding that Scott Frazier replaced Plaintiff approximately three months after Plaintiff was terminated. *See* Defendants' SMF ¶ 84 and Plaintiff's OSMF ¶ 84.

presented a *prima facie* case of age discrimination, viewing the facts in the light most favorable to Plaintiff, and noting that "the task of making out a *prima facie* case is not onerous," *Cruz–Ramos v. Puerto Rico Sun Oil Co.*, 202 F.3d 381, 384 (1st Cir.2000), the Court will presume for purposes of this motion that Plaintiff has established a *prima facie* case.

### c. Defendant Company's Nondiscriminatory Basis

 Following the Plaintiff's establishment of a *prima facie* case, the Company may articulate a legitimate, nondiscriminatory basis for its adverse employment decision. In support of its legitimate basis, the Company has here submitted Plaintiff's May 23, 2003, performance review. *See* Paradigm Window Solutions Employee Performance Review (attached as Exhibit 4 to Defendants' Motion for Summary Judgment). In his performance review, Plaintiff received a rating of "needs improvement" in categories including job knowledge, judgment, leadership, and training. Plaintiff's overall rating stated:

> There are concerns with the manner in which you manage your territory and time. It appears as [though] you have not systematically scheduled to visit your accounts and you do not follow up with the requests made by your customers. You need to improve your presentation skills. You need to make dramatic improvement in these areas.

*Id.* at D25. This employment review did not result in Plaintiff's termination, but it clearly indicates some of the employment related problems that existed between Plaintiff, the Company, and Defendants Sevier and Robinov prior to the June 25, 2003, dispute between Plaintiff and Defendant Sevier, which precipitated Plaintiff's termination. The Company has submitted evidence to the Court that Plaintiff was terminated after he missed a project deadline—an occurrence that was consistent with concerns raised in Plaintiff's performance review. *See* Affidavit of Andrew Sevier (attached as Exhibit 1 to Defendants' Motion for Summary Judgment) ¶¶ 7, 8. Viewing the missed deadline within the context of Plaintiff's recent performance review establishes the articulation of a non-discriminatory motive for the Company's course of action.

### d. Age as a Motivating Factor

With Plaintiff having established a *prima facie* case of discrimination and Defendant Company articulating a legitimate, non-discriminatory reason for their course of action, the burden shifts back to Plaintiff to show the stated reason was actually a pretext for age discrimination.

Plaintiff contends that "in spite of the lack of any 'smoking gun' in the form of an admission or similar statement by Defendants, there is the irrefutable and damning Exhibit E extracted from Defendants['] records." Plaintiff's Objection to Motion for Summary Judgment (Docket Item No. 34) at 10–11. Exhibit E [6] however, is not admissible in evidence and thus will be stricken from the summary judgment record. On summary judgment, only admissible evidence will be considered. *See* Fed. R.Civ.P. 56(e); *Ramirez v. DeCoster*, 194 F.R.D. 348, 359 (D.Me.2000); *see also Feliciano v. Rhode Island*, 160 F.3d 780, 787 (1st Cir.1998) ("Fed.R.Civ.P. 56(e) requires the parties to submit admissible evidence in supporting and opposing motions for summary judgment."). Exhibit E is not admissible as it is not properly authenti-

---

**6.** The Exhibit E referred to by Plaintiff is attached to Plaintiff's Offer of Proof (Docket Item No. 32).

cated and is based upon data that has not been authenticated or presented in the summary judgment record. Furthermore, at no point is the accuracy of the information provided in Exhibit E sworn to under oath. Exhibit E is not of evidentiary quality.

Plaintiff has placed in the summary judgment record no other evidence of age discrimination or of any age-based animus. The only facts that can be taken to remotely imply any age discrimination are that Plaintiff was over forty years of age when discharged and that he was replaced by a person slightly under forty. These facts are confounded by the fact that Plaintiff was over fifty years of age *when he was hired,* only three years prior to his discharge.

Plaintiff urges the Court to rule that under *Reeves* and its progeny, a pretextual reason for employment termination "may be enough" to infer age discrimination. Plaintiff's Objection to Motion for Summary Judgment at 15. In *Reeves,* the United States Supreme Court stated:

> "[A] plaintiff's *prima facie* case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated.... This is not to say that such a showing by the plaintiff will always be adequate to sustain a jury's finding of liability. *Certainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational factfinder could conclude that the action was discriminatory."*

*Id.* at 147, 120 S.Ct. 2097 (emphasis added). This case, where there is an absence of *any* persuasive evidence of a motivation based on age-bias, is precisely that case which the *Reeves* Court excluded from its rule.

■ Plaintiff argues that following *Reeves,* "this case can only be clarified and its factual issues resolved by a trial, not by a summary judgment proceeding." Plaintiff's Objection to Motion for Summary Judgment at 11.[7] The Court does not agree. To prevail on a claim of age discrimination "it is not enough ... to disbelieve the employer; the factfinder must believe the plaintiff's explanation of intentional discrimination." *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 519, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

On this summary judgment record, there is simply no admissible evidence countering the employer's termination reason, let alone any admissible evidence to believe Plaintiff's claim that any consideration of age motivated his discharge. The record is devoid of any credible evidence that Defendants' employment actions were a pretext for age discrimination. Even under the Plaintiff-friendly rule set forth in *Reeves,* Plaintiff's claim cannot survive without at least a scintilla of admissible evidence of discriminatory animus. *See Gonzalez,* 304 F.3d at 73 (holding that without admissible evidence to infer an age-based animus, summary judgment is appropriate).[8] On the existing record, no

---

7. For support of this proposition, Plaintiff points to a recent First Circuit Court of Appeals opinion. *See Currier v. United Techs. Corp.,* 393 F.3d 246 (1st Cir.2004). In *Currier,* however, there was at least some evidence of an age-based animus. The record Plaintiff has compiled in this case is substantially weaker than the record upon which a jury found age discrimination in *Currier.*

8. As the First Circuit Court of Appeals has noted, " '[f]ederal courts do not sit as a super-personnel department that re examines an entity's business decisions. No matter how medieval a firm's practices, no matter how

rational factfinder could infer an employment action based upon age discrimination. Accordingly, summary judgment will be granted as to Count I of Plaintiff's Complaint.

### IV. The Defamation and Breach of Agreement Claims

 In the absence of any remaining federal claims, the Court must next determine whether to entertain Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3) (expressly authorizing a district court to decline the exercise of supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction"); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ("[c]ertainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir.1995) ("[a]s a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims"); *Snowden v. Millinocket Reg'l Hosp.*, 727 F.Supp. 701, 710 (D.Me.1990) (the *Gibbs* doctrine "require[s] dismissal without action on the merits and without any exercise of discretion if all the federal claims in this suit are found to be, short of trial, deficient.").

The Court is of the view that under 28 U.S.C. § 1367(c)(3) it should decline to exercise supplemental jurisdiction and to permit Plaintiff to proceed on those claims based exclusively on state law in the forum best suited to resolve them: the courts of the State of Maine. *See Connolly v. H.D. Goodall Hosp., Inc.*, 353 F.Supp.2d 84, 89–90 (D.Me.2005).

### V. Conclusion

For the reasons set forth above, the Court **ORDERS** as follows:

(1) Defendant Company's Motion for Summary Judgment as to Count I be, and it is hereby, **GRANTED**;

(2) Exhibit E of Plaintiff's Offer of Proof be, and it is hereby, **STRICKEN**;

(3) Counts II and III be, and they are hereby, **REMANDED** to the Superior Court of the State of Maine in and for the County of Cumberland.[9]

---

high-handed its decisional process, no matter how mistaken the firm's managers, the ADEA does not interfere.' " *Gonzalez*, 304 F.3d at 69 (quoting *Mechnig v. Sears, Roebuck & Co.*, 864 F.2d 1359, 1365 (7th Cir.1988) (internal citations and punctuation omitted)).

9. Plaintiff shall hereafter comply with Local Rule 83(c)(1). Any additional filings with this Court that lack the signature of local counsel will be stricken.