**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 12-1030

STEVEN SANTANELLI,

Plaintiff, Appellant,

v.

REMINGTON ARMS COMPANY, LLC,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. William E. Smith, U.S. District Judge]

Before

Howard, Selya and Thompson,
Circuit Judges.

Michael S. Pezzullo on brief for appellant.
James B. Vogts, with whom Andrew A. Lothson, Swanson, Martin & Bell, LLP, Michael J. Daly and Pierce Atwood LLP, were on brief for appellee.

June 11, 2012

**Per Curiam.** In this case, the plaintiff, an avid hunter, sued the defendant, a gun manufacturer, for injuries received when his rifle accidentally discharged. After removing the case to federal court, the defendant sought dismissal for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), arguing that suit had been brought too late. The district court wrote a thoughtful rescript granting the defendant's motion. Santanelli v. Remington Arms Co., No. 11-0245, 2011 WL 6003199, at *3 (D.R.I. Nov. 30, 2011). This appeal ensued.

We have stated before, and today reaffirm, that when a district court accurately takes the measure of a case, applies the appropriate legal rules, and puts forth a convincing rationale, "an appellate court should refrain from writing at length to no other end than to hear its own words resonate." Lawton v. State Mut. Life Assur. Co., 101 F.3d 218, 220 (1st Cir. 1996). We regularly have adhered to this principle where it is applicable, see, e.g., Cruz-Ramos v. P.R. Sun Oil Co., 202 F.3d 381, 383 (1st Cir. 2000); Ayala v. Union de Tronquistas, Local 901, 74 F.3d 344, 345 (1st Cir. 1996); Holders Capital Corp. v. Cal. Union Ins. Co. (In re San Juan Dupont Plaza Hotel Fire Litig.), 989 F.2d 36, 38 (1st Cir. 1993), and this case comes within that integument. Consequently, we affirm the judgment below for substantially the reasons set forth in the district court's well-crafted opinion.

We need go no further.  As the district court explained, this action was commenced well beyond Rhode Island's three-year statute of limitations, see R.I. Gen. Laws § 9-1-14(b), and the so-called discovery rule affords the plaintiff no surcease.

**Affirmed**.