# United States Court of Appeals
## For the First Circuit

No. 08-1868

MILTON MIR-YÉPEZ,

Plaintiff, Appellant,

v.

BANCO POPULAR DE PUERTO RICO ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Camille Vélez-Rivé, U.S. Magistrate Judge]

Before

Lynch, Chief Judge,
Selya and Lipez, Circuit Judges.

Nicolás Nogueras Cartagena and Julio C. Alejandro Serrano on brief for appellant.
Jaime E. Toro-Monserrate and Toro, Colón, Mullet, Rivera & Sifre, P.S.C. on brief for appellees.

March 9, 2009

**SELYA**, **Circuit Judge**.  This is an appeal in a civil rights action.  The plaintiff (appellant here) claims that the defendants terminated his banking and credit card relationships for discriminatory reasons.  On December 13, 2007, the parties consented to have the case heard and determined by a magistrate judge.  See 28 U.S.C. § 636(c).  After a period of pretrial discovery, the defendants moved for summary judgment.

The time for filing an opposition expired without any such opposition appearing.  Accordingly, the magistrate judge made a notation on the docket deeming the summary judgment motion "unopposed."  Only thereafter did the plaintiff serve an untimely motion seeking a continuance and leave to conduct further discovery.  See Fed. R. Civ. P. 56(f).

In a detailed order, entered on April 9, 2008, the magistrate judge denied the untimely Rule 56(f) motion.  Then the magistrate judge, in a thoughtful opinion dated April 24, 2008, granted the defendants' motion for summary judgment.  The plaintiff moved for reconsideration and, on May 16, 2008, the magistrate judge denied that motion.  This timely appeal followed.

We need not tarry.  We consistently have espoused the view that when a lower court accurately takes the measure of a case, applies the correct legal rules, and articulates a convincing rationale, "an appellate court should refrain from writing at length to no other end than to hear its own words resonate."

Lawton v. State Mut. Life Assur. Co. of Am., 101 F.3d 218, 220 (1st Cir. 1996); accord, e.g., Cruz-Ramos v. P.R. Sun Oil Co., 202 F.3d 381, 383 (1st Cir. 2000); Holders Capital Corp. v. Cal. Union Ins. Co. (In re San Juan Dupont Plaza Hotel Fire Litig.), 989 F.2d 36, 38 (1st Cir. 1993). The case at hand fits within the parameters of that prescription; the magistrate judge's opinion is both closely reasoned and clearly correct. Accordingly, unless there is some other meritorious ground for appeal, we would uphold the entry of summary judgment for essentially the reasons limned in that opinion.

The plaintiff suggests one such ground: he argues that the magistrate judge erred in denying his Rule 56(f) motion. That issue was adverted to only fleetingly in the magistrate judge's opinion; her reasoning was contained in a separate (earlier) order. We must, therefore, examine the contents of that order as well.

We begin with the standard of review: "a district court's denial of a Rule 56(f) motion is reviewed on appeal solely for abuse of discretion." Rivera-Torres v. Rey-Hernández, 502 F.3d 7, 10 (1st Cir. 2007). There was no abuse of discretion here.

Writing at length about the plaintiff's Rule 56(f) motion would serve no useful purpose. As we said in Rivera-Torres, "the prophylaxis of Rule 56(f) is not available merely for the asking." Id. Thus, one

> who seeks to invoke the rule must act with due
> diligence . . . [and] . . . must submit to the

> trial court an affidavit or other authoritative document showing (i) good cause for his inability to have discovered or marshalled the necessary facts earlier in the proceedings; (ii) a plausible basis for believing that additional facts probably exist and can be retrieved within a reasonable time; and (iii) an explanation of how those facts, if collected, will suffice to defeat the pending summary judgment motion.

Id. The instant motion cannot survive scrutiny under this test.

To begin, the plaintiff failed to exercise due diligence. His Rule 56(f) motion, filed after the expiration of the time for opposing the summary judgment motion had elapsed and after the magistrate judge had deemed that motion unopposed, was too late. See D.P.R.R. 7.1(b). To cinch matters, the motion, which the magistrate judge understandably termed "a subterfuge," was unaccompanied by any affidavit and manifestly insufficient to satisfy the Rivera-Torres benchmarks or to engage the gears of Rule 56(f).

We need go no further. Having read the briefs with care and canvassed the record in its entirety, we find the magistrate judge's handling of this matter to be fully supportable. Consequently, we summarily affirm the judgment below. See 1st Cir. Loc. R. 27.0(c).

**Affirmed**.