Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 11-2214

JOHN WHITNEY,

Petitioner, Appellant,

v.

LUIS SPENCER,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Mark L. Wolf, U.S. District Judge]

Before

Lynch, Chief Judge,
Lipez and Howard, Circuit Judges.

Joseph F. Krowski for appellant.

Amy L. Karangekis, Assistant Attorney General, with whom Martha Coakley, Attorney General of Massachusetts, was on brief, for appellee.

August 30, 2012

**Per Curiam**. After a jury trial in the Massachusetts Superior Court, appellant John Whitney was convicted of murder in the second degree and sentenced to life imprisonment. He filed a notice of appeal and a motion for a new trial, which was denied without appeal. Whitney then filed a second motion for a new trial, which was denied after a three-day evidentiary hearing. Whitney appealed that denial. The Massachusetts Appeals Court affirmed Whitney's conviction and the denial of his second motion for a new trial. The Massachusetts Supreme Judicial Court denied Whitney's petition for review. Whitney then petitioned for habeas relief in the federal district court pursuant to 28 U.S.C. § 2254, seeking reversal of his conviction or, in the alternative, a new trial. The district court denied the petition and simultaneously granted a certificate of appealability on all claims. This appeal followed.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, federal habeas relief under § 2254 is available only where the court determines that the decision below was "contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or was "based on an unreasonable determination of the facts in light of evidence presented in the [s]tate court proceeding," § 2254(d)(2). See also Morgan v. Dickhaut, 677 F.3d

-2-

39, 46 (1st Cir. 2012).  In assessing a factual challenge, the court must presume that the state court's factual findings are correct unless the petitioner rebuts this "presumption of correctness" with "clear and convincing evidence" to the contrary. 28 U.S.C. § 2254(e)(1).

Whitney argues that he is entitled to relief under § 2254(d)(2) because the Massachusetts Appeals Court based its decision on determinations of fact that were unreasonable in light of the evidence presented at his trial and post-conviction evidentiary hearing.  Whitney also claims that he is entitled to relief under § 2254(d)(1) because the Appeals Court's decision was contrary to, or involved the unreasonable application of, clearly established federal law with regard to (1) the sufficiency of the evidence, (2) ineffective assistance of counsel, (3) verdict coercion by the trial court judge, and (4) the applicability of the Confrontation Clause to evidence admitted under the excited utterance exception to the hearsay rule.

The district court denied Whitney's petition after examining each of his claims in a thorough and well-reasoned opinion.  Whitney v. Spencer, C.A. No. 07-10820-MLW, 2011 WL 4625352 (D. Mass. Sept. 29, 2011).  We have long held that "when a lower court accurately takes the measure of a case, applies the correct legal rules, and articulates a convincing rationale, 'an appellate court should refrain from writing at length to no other

end than to hear its own words resonate.'" <u>Mir-Yépez</u> v. <u>Banco Popular de P.R.</u>, 560 F.3d 14, 15 (1st Cir. 2009) (quoting <u>Lawton</u> v. <u>State Mut. Life Assur. Co. of Am.</u>, 101 F.3d 218, 220 (1st Cir. 1996)).  This is such a case.  After careful examination, the district court concluded that Whitney was not entitled to relief on any of the grounds argued in his habeas petition.  We agree for the reasons articulated in the district court's opinion.

<u>Affirmed</u>.